# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VIDEOSHARE, LLC § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION No. 6:21-cv-00254-ADA |
| § | |
| FACEBOOK, INC. § | JURY TRIAL DEMANDED |
| § | |
| Defendant. § | |
| § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR 45-DAY EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND

Plaintiff VideoShare LLC ("VideoShare") files this response to Defendant Facebook, Inc.'s ("Facebook") Opposed Motion for 45-Day Extension of Time Or, in the Alternative, Unopposed Motion for 30-Day Extension of Time to Answer or Otherwise Respond (Dkt. 8), and would respectfully show the following:

VideoShare filed its Original Complaint against Facebook on March 12, 2021. (Dkt. 1). The summons was served on Facebook on March 15, 2021, and Facebook's answer is therefore due on today's date, April 5, 2021. (Dkt. 7). On Saturday, April 3, 2021, counsel for Facebook reached out to counsel for VideoShare for the first time and requested a 45-day extension of time to answer or otherwise respond to VideoShare's Complaint.[1] The sole basis for Facebook's requested extension was that Facebook did not retain *local* counsel to represent it in this action until Friday, April 2, 2021 (Good Friday)—which was nearly three weeks after it was served with the summons and one business day before the current deadline for responding to the Complaint. (Dkt. 8 at 1).

---

[1] Despite the request coming the Saturday before Easter, VideoShare's counsel promptly responded within minutes.

On Saturday, April 3, 2021 (within an hour of receiving Facebook's request), VideoShare *readily agreed to a 30-day extension* of time to answer or otherwise respond to the Complaint. (Dkt. 8, Ex. A). However, VideoShare explained that it could not agree to the full 45-day extension that Facebook requested. Although VideoShare acknowledges that the Court's current Order Governing Proceedings states that the Court "is *generally* willing to extend the response to the Complaint *up to* 45 days if *agreed* by the parties," VideoShare submits that Facebook has not provided any reasonable basis for requiring such a lengthy extension in this case. Indeed, VideoShare does not believe it is plausible that a company like Facebook ignored the Complaint for over three weeks and waited to retain counsel or take any other action until the day before its answer was due (and which was the Friday before the Easter holiday). Although VideoShare agreed to a 30-day extension out of professional courtesy, it cannot agree to more time absent Facebook's ability to present legitimate reasons for needing such a lengthy extension.

Additionally, VideoShare opposes Facebook's request for a 45-day extension for the following reasons, and Facebook's motion does nothing to refute these bases for VideoShare's opposition:

- If Facebook receives a 45-day extension of time to file its answer, its deadline will be May 20, 2021. Lead counsel for VideoShare will be on vacation on that date in celebration of his 30th wedding anniversary. Allowing a 30-day extension (which VideoShare readily agrees to) would avoid this conflict and allow lead counsel to address any issues that arise with respect to Facebook's answer (motion to transfer, motion to dismiss or other dilatory pleading) before he leaves, so as to avoid disruptions while he is celebrating 30 years of marriage.

- This is the second lawsuit VideoShare has filed in this Court asserting the same claims of the same patent. *See VideoShare v. Google*, No. 6:19-cv-663-ADA (the "Google Case"). In the Google Case, Google has already filed Rule 12 motions, Google has filed its answer, the parties have completed *Markman*, and the parties are now engaged in merits discovery. Facebook has the benefit of being able to access and review all of these materials in order to quickly understand the claims of the Patent-in-Suit and how VideoShare (and Google) interpreted them prior to answering or responding to the Complaint.

- The asserted claims of the sole Patent-in-Suit are simple. Nevertheless, VideoShare's Complaint is detailed in its allegations of infringement, and VideoShare has offered to provide a claim chart to Facebook in order for it to further assist Facebook's understanding of how it infringes the Patent-in-Suit.

- VideoShare offered to agree to Facebook's requested 45-day extension on the condition that Facebook would agree to file an *answer* to the Complaint and not a Rule 12 motion, a motion to transfer venue, any other dilatory pleading, or an IPR. Facebook refused to agree to that proposal, thus suggesting that its request for an extension is a delay tactic and not based on a legitimate need for more time.

In sum, Facebook has not presented VideoShare or the Court with any reasonable basis for needing a 45-day extension to respond to the Complaint. A 30-day extension will give Facebook a total of seven weeks to file an answer or otherwise respond to a lawsuit involving a single patent which is already the subject of an existing lawsuit in this Court. No more time is needed.

Filed herewith is a proposed Order granting Facebook a 30-day extension of time to answer or otherwise respond to VideoShare's complaint.

Dated: April 5, 2021

Respectfully submitted,

By: */s/ Michael W. Shore*
Charles L. Ainsworth (Texas 00783521)
Robert C. Bunt (Texas 00787165)
PARKER, BUNT & AINSWORTH P.C.
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535
charley@pbatyler.com
rcbunt@pbatyler.com

Michael W. Shore (Texas 18294915)
Alfonso G. Chan (Texas 24012408)
William D. Ellerman (Texas 24007151)
Shukri M. Abdi (Texas 24105486)
Mark D. Siegmund (Texas 24117055)
SHORE CHAN LLP
901 Main Street, Suite 3300
Dallas, Texas 75202

>Tel: (214) 593-9110
>Fax: (214) 593-9111
>mshore@shorechan.com
>achan@shorechan.com
>wellerman@shorechan.com
>sabdi@shorechan.com
>msiegmund@shorechan.com
>
>**COUNSEL FOR PLAINTIFF
>VIDEOSHARE, LLC.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 5, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

>*/s/ Michael W. Shore*
>Michael W. Shore