**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **VIDEOSHARE, LLC**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:21-cv-00254-ADA |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FACEBOOK, INC.**, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**

Defendant Facebook, Inc. ("Defendant" or "Facebook") hereby answers Plaintiff VideoShare, LLC's ("Plaintiff" or "VideoShare") First Amended Complaint for Patent Infringement (Dkt. No. 20, "First Amended Complaint") as follows. Each of the paragraphs below corresponds to the same numbered paragraph in the First Amended Complaint. In responding to the First Amended Complaint, Defendant has kept Plaintiff's headings for ease of reference but, in doing so, Defendant is not admitting to the accuracy of any statements made or agreeing with any characterizations made in such headings. Defendant denies all allegations in the First Amended Complaint, whether express or implied, that are not specifically admitted below. Defendant further denies that Plaintiff is entitled to the relief requested in the First Amended Complaint, or to any other relief.

## I.   PARTIES

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore denies them.

2.       Defendant admits that it is a company organized under the laws of Delaware with a physical address at 300 West 6th Street, Austin, Texas 78701 and a principal place of business at 1601 Willow Road, Menlo Park, California 94025.

## II.       JURISDICTION

3.       The allegations in this Paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant admits that this is a civil action for infringement under the patent laws of the United States of America, 35 U.SC. § 1 *et seq*.  Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 3.

4.       The allegations in this Paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant does not contest personal jurisdiction for purposes of this action. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 4.

5.       Defendant denies the allegations in Paragraph 5.

6.       Defendant denies the allegations in Paragraph 6.

## III.       VENUE

7.       Defendant denies the allegations in Paragraph 7.

8.       Defendant admits that it has offices in various locations in the United States, including at the location identified in Paragraph 8.  Except as expressly admitted herein, Defendant denies the allegations in Paragraph 8.

## IV.    THE PATENT-IN-SUIT

9.      Defendant admits that U.S. Patent No. 10,362,341 ("the '341 Patent") is entitled "Systems and methods for sharing video with advertisements over a network" and states on its face that it issued on July 23, 2019.  Defendant admits that what purports to be a copy of the '341 Patent was attached as Exhibit A to the First Amended Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis, denies them.

10.      Defendant admits that the '341 Patent states on its face that it was filed on January 23, 2019 and purports to claim priority to U.S. Provisional Application No. 60/147,029 filed on August 3, 1999.  Defendant admits that the '341 Patent purports to be a continuation of U.S. Patent Application No. 15/618,304, filed on June 9, 2017 and now U.S. Patent No. 10,225,584, which purports to be a continuation of U.S. Patent Application No. 15/094,411 filed on April 8, 2016, which purports to be a continuation of U.S. Patent Application No. 14/597,491 filed on January 15, 2015, which purports to be a continuation of U.S. Patent Application No. 13/909,876 filed on June 4, 2013 and now U.S. Patent No. 8,966,522, which purports to be a continuation of U.S. Patent Application No. 09/631,583 filed on August 3, 2000 and now U.S. Patent No. 8,464,302, which purports to be a continuation-in-part of U.S. Patent Application No. 09/497,587 filed on February 3, 2000, which purports to claim priority to Provisional Patent Application No. 60/147,029.  Defendant denies that the priority date for the '341 Patent is August 3, 1999.  Except as expressly admitted herein, Defendant denies the allegations in Paragraph 10.

11.      Defendant denies that the '341 Patent is valid and enforceable.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies them.

13.     Defendant denies that it needs a license to the '341 Patent and, on that basis, denies the allegations in Paragraph 13.

**A.  Background of the '341 Patent.**

14.     Defendant admits that Gad Liwerant, Christopher Dodge, and Guillaume Boissiere are listed as the inventors on the face of the '341 Patent.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, on that basis, denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies them.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20.

21.     The provisional application speaks for itself.  Defendant denies the remaining allegations in Paragraph 21.

**B.  The '341 Patent Claims Are Directed to Improved Functionality of Streaming Server Systems Enabling Them to More Effectively Service a Large Number of Clients.**

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant admits that Claim 1 of the '341 Patent purports to be reproduced in Paragraph 23.

24.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 24.

25.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 25.

26.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 26.

27.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 27.

## V.     INFRINGEMENT OF THE '341 PATENT

28.     Defendant denies that it has committed any acts of patent infringement and further denies the allegations in Paragraph 28.

29.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 29.

30.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 30.

31.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 31.

32.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 32.

33.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 33.

34.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 34.

35.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 35.

36.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 36.

37.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 37.

38.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 38.

39.     The allegations in this Paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies the allegations in Paragraph 39.

40.     Defendant denies that it has committed any acts of patent infringement and further denies the allegations in Paragraph 40.

41.     Defendant admits that Exhibit B purports to be a claim chart for Claims 1, 3, 4, 5, 6, and 7 of the '341 Patent.  To the extent a response is deemed to be required, Defendant denies that it has committed any acts of patent infringement and further denies the allegations of Paragraph 41.

## VI.     JURY DEMAND

42.     Plaintiff's demand for a trial by jury does not require a response by Defendant.

## VII.     RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

43.     Defendant incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.  Defendant denies any and all allegations of patent infringement alleged in the First Amended Complaint.  Defendant denies all allegations that Plaintiff is entitled to any relief requested in the First Amended Complaint's Prayer for Relief, or any other relief. Further, Defendant denies that it "continues to directly infringe the '341 Patent" as asserted, because the patent has expired.

## VIII.    DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Defendant asserts the following defenses to the First Amended Complaint and reserves its right to assert additional defenses.

### A.  First Defense – Failure to State a Claim

The First Amended Complaint fails to state a claim upon which relief can be granted.

### B.  Second Defense – Non-Infringement

Defendant does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '341 Patent.

### C.  Third Defense – Invalidity

Any asserted claims of the '341 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.* including, but not limited to, §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### D.  Fourth Defense – Equitable Defenses

Plaintiff's claims are barred, in whole or in part, by estoppel, acquiescence, prosecution laches, waiver, unclean hands, and/or other equitable defenses.

For example, in 2019, during prosecution of the '341 Patent, the applicant filed a terminal disclaimer in its application for the '341 Patent over several other patents, including U.S. Patent No. 8,464,302 (the "'302 Patent") and U.S. Patent. No. 8,438,608 (the "'608 Patent").  The applicant's terminal disclaimer stated that the term of the '341 Patent would not extend beyond the terms of the '302 and '608 Patents.  When the applicant filed its terminal disclaimer, the terms of the '302 and '608 Patents had already ended.  Specifically, the terms of the '302 and '608 Patents ended as of August 16, 2017, when the Federal Circuit affirmed a district court judgment

finding both patents invalid. *VideoShare, LLC v. Google, Inc.,* 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd,* 695 Fed. Appx. 577 (Fed. Cir. 2017). That finding marked the end of the terms of both the '302 and '608 Patents, as well as the term of the '341 Patent (which had not yet issued) due to the filing the terminal disclaimer. Therefore, Plaintiff's claims are barred due to at least the filing of the terminal disclaimer.

### E.  Fifth Defense – Limitation on Damages

Plaintiff is barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. §§ 286, 287, and/or 288.

### F.  Sixth Defense – Express License, Implied License, Patent Exhaustion and/or the Single Recovery Rule

Plaintiff's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, and/or the single recovery rule.

### G.  Seventh Defense – Patent Misuse

Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse.

### H.  Eighth Defense – Lack of Standing

Plaintiff lacks standing to assert the claims in the First Amended Complaint and its claims are thus barred because it does not own the '341 Patent and lacks the capacity to sue in this Court.

### I.  Ninth Defense – Prosecution History Estoppel

Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the claims of the '341 Patent in such a way as to cover any accused products by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '341 Patent.

### J.  Tenth Defense – Not an Exceptional Case Entitling Plaintiff to Relief

If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### K.  Eleventh Defense – Ensnarement of Prior Art

Plaintiff's claims for relief are barred under the ensnarement doctrine, which bars Plaintiff from asserting an infringement theory that encompasses or ensnares the prior art.

### L.  Twelfth Defense – Issue Preclusion

Plaintiff's claims for relief are barred in whole or in part by the doctrine of issue preclusion, or collateral estoppel, based on issues adjudicated in *VideoShare, LLC v. Google*, *Inc*., 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd*, 695 Fed. Appx. 577 (Fed. Cir. 2017).

## IX.    RESERVATION OF RIGHTS

Defendant hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

## X.    REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment:

A.    in favor of Defendant, and against Plaintiff, dismissing the First Amended Complaint with prejudice, with Plaintiff taking nothing by the way of its claims;

B.    that Defendant has not infringed any valid claim of the '341 Patent under any subsection of 35 U.S.C. § 271;

C.    that all asserted claims of the '341 Patent are invalid and/or unenforceable;

D.      that this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Plaintiff to pay Defendant's reasonable attorneys' fees incurred in this action;

E.      that Plaintiff pay all costs incurred by Defendant in this action; and

F.      awarding Defendant all other relief that the Court deems just and proper.

## XI.    DEMAND FOR JURY TRIAL

Defendant respectfully requests a trial by jury on all issues so triable.

DATED:  July 1, 2021              Respectfully submitted,

/s/ Paige Arnette Amstutz
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
pamstutz@scottdoug.com

KILPATRICK TOWNSEND & STOCKTON LLP
MANSI H. SHAH (*pro hac vice*)
1080 Marsh Road
Menlo Park, CA 94025
Telephone:     (650) 326-2400
Facsimile:     (650) 326-2422
Email: MHShah@kilpatricktownsend.com

VAIBHAV P. KADABA (*pro hac vice*)
RICHARD W. GOLDSTUCKER (*pro hac vice*)
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309
Telephone:     (404) 815-6500
Facsimile:     (404) 815-6555
Email: wkadaba@kilpatricktownsend.com
Email: rgoldstucker@kilpatricktownsend.com

KASEY E. KOBALLA (*pro hac vice*)
4208 Six Forks Road
Raleigh, NC 27609
Telephone:     (919) 420-1700
Facsimile:     (919) 420-1800
Email: kkoballa@kilpatricktownsend.com

EDWARD J. MAYLE (*pro hac vice*)
1400 Wewatta Street, Ste. 600
Denver, CO 80202
Telephone:     (303) 571-4000
Facsimile:     (303) 571-4321
Email:  tmayle@kilpatricktownsend.com

***Counsel for Defendant***
***Facebook, Inc.***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 1, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
