# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VIDEOSHARE, LLC, | CIVIL ACTION NO. 6:21-CV-00254-ADA |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| META PLATFORMS, INC., | |
| Defendant. | |

## PLAINTIFF'S MOTION TO AMEND THE DEADLINE TO ADD PARTIES

Plaintiff VideoShare LLC ("VideoShare") files this Motion to Amend the Deadline to Add Parties, seeking a brief extension of the deadline from February 9, 2022 to March 2, 2022, and in support thereof shows as follows.

### I. BACKGROUND

After months of attempting to negotiate a protective order, the parties were unable to reach agreements on key points and submitted a dispute chart to the Court on February 7, 2022. Most of the delays were a result of Defendant Meta Platforms, Inc.'s ("Facebook") attempts to significantly deviate from the terms of the Court's Model Protective Order and its inability to promptly consider and respond to proposals designed to narrow the disputed issues. *See, e.g.,* Ex. 1 (Jan. 25, 2022 – Feb. 4, 2022 emails). And because of the ongoing protective order dispute and Facebook's unwillingness to produce its source code at a location convenient to VideoShare's expert and counsel, VideoShare has not yet been able to review the source code for the accused instrumentalities, nor has it received sufficient technical documents to support its case for infringement against Facebook's products.

VideoShare diligently served discovery requests, along with its initial disclosures, on January 10, 2022—immediately after the claim construction hearing. Thus, Facebook's responses

are due on February 9, 2022, which is the same day as the deadline for adding parties. VideoShare also noticed the deposition of Facebook employee Paul Dapolito to occur on January 25, 2022, which would have been well before the deadline for adding parties. However, Facebook delayed the deposition, and it is now not scheduled to take place until February 15, 2022, which is after the deadline. *See* Ex. 2 (Jan. 12, 2022 email refusing to produce Mr. Dapolito, without attempting to meet and confer despite the notice providing for such discussions); *see also* Ex. 3 (Jan. 12, 2022 email declaring Facebook "will identify the appropriate personnel in due course" after serving initial disclosures that failed to specifically identify any employees with knowledge by name).

As a result of the foregoing, VideoShare has been unable to obtain sufficient information to determine whether the addition of other parties is necessary, and it does not have sufficient information to prepare final infringement contentions by the deadline of February 23, 2022. Accordingly, VideoShare requested Facebook's agreement to extend the deadline for final infringement and invalidity contentions as well as the deadline for adding parties. Facebook agreed to extend the final infringement and invalidity contentions deadline, but it refused to consent to an extension of the deadline for adding parties. *See* Dkt. 43 (notice extending final contentions deadline).

## II. ARGUMENT

A deadline or scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard [of Rule 16(b)] requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). Here, Facebook's refusal to agree to a modest extension of the deadline to add parties has placed VideoShare in an untenable position. To date, no protective order has been entered,

VideoShare has not received any discovery responses from Facebook, VideoShare has been unable to review Facebook's source code, and Facebook has substantially delayed the deposition that VideoShare has been endeavoring to take ever since discovery commenced. Under these circumstances, VideoShare cannot determine whether sufficient grounds exist for adding potential parties, and it requires a short extension of time so that it can at least obtain a modicum of discovery from Facebook before making that decision. Accordingly, an extension of the February 9, 2022 deadline for adding parties until March 2, 2022 is warranted.

Dated: February 9, 2022                      Respectfully submitted,

By: */s/ William D. Ellerman* _____
    Michael W. Shore (Texas 18294915)
    Alfonso G. Chan (Texas 24012408)
    William D. Ellerman (Texas 24007151)
    Ari Rafilson (Texas 24060456)
    Halima Shukri Ndai (Texas 24105486)
    SHORE CHAN LLP
    901 Main Street, Suite 3300
    Dallas, Texas 75202
    Tel: (214) 593-9110
    Fax: (214) 593-9111
    mshore@shorechan.com
    achan@shorechan.com
    wellerman@shorechan.com
    arafilson@shorechan.com
    hndai@shorechan.com

    Mark D. Siegmund (Texas 24117055)
    Steckler, Wayne, Cochran, Cherry, PLLC
    8416 Old McGregor Road
    Waco, Texas 76712
    Tel: (254) 651-3690
    Fax: (254) 651-3689
    mark@swclaw.com

    Charles L. Ainsworth (Texas 00783521)
    Robert C. Bunt (Texas 00787165)

>PARKER, BUNT & AINSWORTH P.C.
>100 E. Ferguson Suite 418
>Tyler, Texas 75702
>Tel: (903) 531-3535
>charley@pbatyler.com
>rcbunt@pbatyler.com
>
>**COUNSEL FOR PLAINTIFF**
>**VIDEOSHARE, LLC.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 9, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

>*/s/ William D. Ellerman*_____
>William D. Ellerman

## CERTIFICATE OF CONFERENCE

Counsel for the parties conferred on February 8, 2022, and Defendant opposes amending the deadline to add parties.

>*/s/ William D. Ellerman*_____
>William D. Ellerman