IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIDEOSHARE, LLC<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-CV-00254-ADA<br><br>JURY TRIAL DEMANDED |

### ORDER ON DISCOVERY DISPUTE REGARDING THE LOCATION OF SOURCE CODE REVIEW

Before the Court is a request by Plaintiff VideoShare LLC ("Plaintiff" or "VideoShare") that Defendant Meta Platforms, Inc. ("Defendant" or "Meta") make its source code review computer available in Texas.

### Plaintiff's Statement

The parties have a dispute regarding the location for source code review. Contrary to Section 10(a) of the proposed protective order, which provides the source code computer can be located "at an office of the producing Party's outside counsel or another location as determined by the producing Party," Defendant is unwilling to make the code available anywhere except the Bay Area. Plaintiff began source code review discussions in the interest of time, prior to entry of a protective order, and had not contemplated that the review location would be an issue.

Plaintiff respectfully requests that the computer be made available at the Dallas office of Defendant's counsel (Kilpatrick Townsend & Stockton), which is convenient for Plaintiff's counsel and expert. Alternatively, Plaintiff requests the computer be produced at Defendant's local counsel's office in Austin or, further in the alternative, at a location of Defendant's choice in Waco.

**Defendant's Statement**

VideoShare seeks to require Meta to move its highly sensitive source code computer across the country to Dallas, Texas where VideoShare's counsel is located.

**First**, moving the source code computer poses a significant burden to Meta. Counsel for Meta explained that "moving the source code computer across the country to Dallas is highly time consuming, expensive, risky, and onerous." Further, it is significantly burdensome to ensure the new location has the requisite staffing and security measures in place. Counsel for Meta has no team members located in its Dallas office – and the case is not situated in that district.

**Second**, VideoShare waited *over five months* to raise this issue. On September 1, 2021, pursuant to this Court's OGP, Meta served its Preliminary Invalidity Contentions, which stated that "[t]he source code computer is located in secured law offices in Silicon Valley, California. Should VideoShare seek to review the source code, it should coordinate with counsel for Defendant." On December 8, 2021, Meta timely amended its Preliminary Invalidity Contentions and reiterated the same. Months later, on February 3, 2022, counsel for VideoShare raised this as an issue for the first time, requesting that "Meta's source code computer will be made available in Dallas, Texas."

**Third**, VideoShare has failed to articulate a legitimate basis for moving Meta's source code computer to Dallas, Texas. Meta spent considerable time and effort building a source code computer, compiling the source code, and ensuring the security of the computer in its Bay area office. Thus, Meta requested that VideoShare "explain why VideoShare requests that the source code computer be made available in Dallas." VideoShare responded that "[t]he Bay area is incredibly inconvenient for VideoShare's expert and its counsel. Production at Kilpatrick's Dallas office (which I am sure is just as secure) is a reasonable request." VideoShare fails to set forth a

compelling reason to force a relocation of the source code, when moving the source code computer and meeting the necessary security requirements in the new location would be not only onerous for Meta, but also time consuming, risky, and expensive.

**Fourth**, the negotiated and agreed upon language of Section 10(a) of the Protective Order makes clear that source code location is the Producing Party's choice: "[t]he stand-alone computer(s) may only be located within the continental United States at an office of the producing Party's outside counsel or another location as determined by the producing Party."

Meta informed VideoShare that the source code computer would be in the Bay area five months ago. From that date, Meta built the source code computer, compiled the source code, and ensured the security of the computer which required significant time, effort, and expense. That VideoShare waited until now to raise this issue and seeks to move it to Dallas is highly prejudicial to Meta.

Meta requests that the source code computer and any review of it remain in the Bay area.

## ORDER

After considering the parties' respective position statements and exhibits submitted to the Court by emails on February 8 and 11, 2022, as well as the parties' oral argument on February 18, 2022, Plaintiff's request is DENIED.

It is ORDERED that Defendant's source code review computer be produced only in the Bay area of California at a location of Defendant's choosing.

IT IS SO ORDERED this 8th day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT COURT JUDGE