**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VIDEOSHARE, LLC | |
| Plaintiff, | CIVIL ACTION NO. 6:21-CV-00254-ADA |
| v. | |
| META PLATFORMS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**DEFENDANT'S OPPOSED MOTION TO STRIKE PLAINTIFF'S AMENDED
INFRINGEMENT CONTENTIONS**

I.      **INTRODUCTION**

Defendant Meta Platforms, Inc. ("Meta") respectfully moves to strike Plaintiff VideoShare LLC's ("VideoShare") amended infringement contentions.  VideoShare served its preliminary contentions in July 2021, which charted only *one* accused product—Facebook LIVE.  Meta's invalidity contentions, which it served in September 2021, confirm that Facebook LIVE is the only accused product in this case, and accordingly Meta produced documents relating to this sole accused product.   Months later, and after claim construction proceedings had concluded, VideoShare served "amended" contentions purporting to add the Instagram application as an accused product.[1]  But VideoShare's amendment is based on long-available public information; so, its late attempt to expand the case to Instagram should be disallowed.

If, however, VideoShare were to be permitted to expand the case at this late juncture, with trial just over nine (9) months away, the resultant delay weighs strongly in favor of Meta's pending request to stay the case pending resolution of an instituted *ex parte* reexamination of the expired asserted patent. *See* Dkt. 49 (February 18, 2022 Hearing Minute Entry).  Alternatively, the Court should order the parties to meet and confer to submit a new Scheduling Order that: (1) allows Meta additional time to respond (as its discovery responses do not relate to Instagram); and (2) reopens claim construction to address any new issues implicated by the addition of Instagram.

II.     **FACTUAL BACKGROUND**

On July 7, 2021, VideoShare served its preliminary contentions.  Ex. 1 (cover pleading); Ex. 2 (claim chart).  The only product referenced in VideoShare's preliminary claim chart is Facebook LIVE. *See* Ex. 2 at *e.g.*, 6. Meta served its invalidity contentions on September 1, 2021,

---

[1] VideoShare moved the Court to extend its time to add new parties (Dkt. 44) so that it could "determine whether the addition of other parties [*e.g.,* Instagram] is necessary." Dkt 48. VideoShare was granted the extension but did not add Instagram as a party.

confirming that Facebook LIVE was the only accused product subject to its discovery obligations. Ex. 3 at 19 ("Defendant is producing and/or making available for inspection … technical documents, including source code, sufficient to show the operation of the accused product charted in VideoShare's Infringement Contentions, Facebook LIVE.").

Shortly thereafter, on October 28, 2021, Meta filed a request with the USPTO for *ex parte* reexamination of the sole asserted patent (which patent expired before VideoShare filed suit).  The USPTO ordered reexamination of the patent on January 10, 2022, finding "substantial new questions of patentability" based on three different combinations of prior art.  On this basis, Meta sought a stay of this proceeding, which was heard before the Court as of February 18, 2022. *See* Dkt. 49.

Over five months after Meta served its invalidity contentions, VideoShare sent correspondence on February 8, 2022, arguing for the first time that it had already accused Instagram of infringement, citing language appearing only in the cover pleading to its contentions. In response, Meta pointed out that VideoShare's claim chart did not even mention Instagram, much less show where in Instagram each element of the asserted claims is found, as this Court's OGP requires.  OGP v. 3.5.1 at 8.

Unable to dispute that its preliminary claim chart did not mention Instagram, VideoShare then served "amended" contentions on February 23, 2022.  Ex. 4 (amended cover pleading); Ex. 5 (amended claim chart).  However, the bulk of the amendments purportedly specific to Instagram rely on long-since available public websites and screen shots from Instagram that VideoShare could have generated long ago. *See* Ex. 5 at 12, 16, 32, 33, 34, 50, 53, 57, 59, 62.  Even the deposition testimony cited by VideoShare merely echoes what was publicly known. *See id.* at *e.g.* 5 (noting the orientation of videos on Instagram and Facebook); *id.* at 51 (noting that ads exist on

Instagram and Facebook.).  On March 9, 2022, Meta met and conferred on the contentions and demanded that VideoShare withdraw these amended contentions or alternatively seek leave to amend by attempting to show good cause to do so, but it refused.  Moreover, Meta was ready to submit a joint chart raising this issue, when VideoShare unilaterally asked the Court which procedure to be used.  The Court clarified that a formal Motion should be filed, and Meta has now done so.

## III.    ARGUMENT

### A.    Legal Standard

Version 3.5.1 of this Court's Standing Order Governing Proceedings – Patent Cases ("OGP") governed at the time of VideoShare's amended contentions.  It specifies that parties may amend preliminary infringement contentions "without leave of court so long as counsel certifies" that "it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material." OGP v. 3.5.1 at 8 n.6.  This procedure appears to be modeled, at least in part, after the EDTX and NDCA Local Patent Rules, the purpose of which "is to require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (internal quotations omitted).

All other amendments require leave of court, OGP v. 3.5.1 at 8 n.6, which is granted only upon a "showing of good cause." *Epistar Corp. v. Lowe's Cos. Inc.*, 6:20-cv-00420-ADA, Dkt. 67 (Aug. 4, 2021) at *3.  To show good cause, as a threshold matter, a party "is required to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Assoc.*, 734 F.3d 420, 422 (5th Cir. 2013) (internal quotation omitted).  Courts evaluate four factors to determine whether there is good cause to amend:

(1) "the reason for the delay and whether the party has been diligent"; (2) "the importance of the amendment"; (3) "potential prejudice in allowing the amendment" and (4) "the availability of a continuance to cure any prejudice." *Epistar Corp*, 6:20-cv-00420-ADA, Dkt. 67 at *3.

### B.        The Court Should Strike VideoShare's Amended Contentions

There are two independent reasons for granting this motion to strike.  First, VideoShare was not diligent in charting Instagram, as evidenced by the fact that its attempted amendment relies on public information about the popular Instagram application available at the time VideoShare served its preliminary contentions in July 2021.  Second, allowing VideoShare to accuse a new product at this late stage, after claim construction, is manifestly prejudicial to Meta.

### 1.        VideoShare Was Not Diligent in Charting Instagram

VideoShare's lack of diligence in charting Instagram is obvious.  As discussed previously, the amendments purportedly specific to Instagram rely on long-since available *public* websites and *screen shots* from Instagram. *See* Ex. 5 at 12, 16, 32, 33, 34, 50, 53, 57, 59, 62.  With even a bare minimum of diligence, VideoShare could have long ago charted these public sources.  Even the deposition testimony cited by VideoShare merely echoes what was publicly known.  Ex. 5 at 5, 51.  Thus, VideoShare cannot argue that its attempted amendment is the result of recently discovered confidential information.

Meta recognizes that this Court will grant leave for amended contentions in circumstances that, for example, require expert "testing" of accused products. *Epistar Corp.*, 6:20-cv-00420-ADA, Dkt. 67 at *3 ("The Court finds the Plaintiff diligent in pursuing testing the products[.]").  This is not such a case.  VideoShare's utter lack of diligence in charting Instagram—an application that has been publicly-known for years—is by itself more than sufficient to strike VideoShare's amended infringement contentions. *See Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 3640694, at *4 (N.D. Cal. June 11, 2015) ("Plaintiff had access to the publicly

available information that Plaintiff sought to add and failed to diligently seek amendment."); *Glob.*

*Sessions LP v. Travelocity.com LP, No*. 6:10-CV-671-LED-JDL, 2012 WL 1903903, at \*7 (E.D.

Tex. May 25, 2012) ("The Court finds it troublesome that Global Sessions could chart

www.amazon.com, yet could not chart the other public websites; the failure to chart the Amended

Amazon Websites, even if originally disclosed, left Amazon guessing as to which portions of these

websites correspond to which element of the asserted claims.").

### 2.    The Amendment is Prejudicial to Meta

As a second reason for granting this motion to strike, allowing VideoShare to expand the

case at this juncture to include Instagram is highly prejudicial to Meta.  A plaintiff is required to

disclose its infringement contentions *prior to* claim construction proceedings to give the defendant

a fair chance to prepare its defenses against a "crystallized" theory of infringement.  *Keranos, LLC*,

797 F.3d at 1035.  Allowing "amendment at this stage of the litigation"—here, *after* claim

construction is closed—"would unfairly allow Plaintiffs to amend their previously disclosed

theories of infringement."  *AstraZeneca AB v. Dr. Reddy's Lab'ys Inc*., No. CIV.A. 11-2317 JAP,

2013 WL 1145359, at \*5 (D.N.J. Mar. 18, 2013).

### C.    Alternatively, the Court Should Stay the Case Pending Reexamination or Otherwise Modify the Scheduling Order to Cure the Prejudice to Meta

Even if VideoShare were allowed to accuse Instagram at this stage of the case (and it should

not be), the resultant delay weighs strongly in favor of Meta's pending motion to stay the case

pending resolution of an instituted *ex parte* reexamination of the expired asserted patent.[2]

Alternatively, and at the very minimum, the Court should order the parties to meet and

confer to submit a new proposed Scheduling Order that (1) allows Meta additional time to respond

---

[2] The parties presented the motion to stay in the form of a discovery dispute chart.  On February 18, 2022, the Court heard argument on the issue, indicating that it was taking the motion "under advisement." Dkt. 49.  It remains pending.

(as its discovery responses do not relate to Instagram) and produce documents and (2) reopens claim construction to address any new issues implicated by the addition of Instagram. *See Epistar Corp.*, 6:20-cv-00420-ADA, Dkt. 67 at *3-*4 ("[A]ny prejudice experienced by Defendant is mitigated by granting Defendants additional time to respond.  If Defendants believe the current schedule unduly prejudices them and they are unable to agree with Plaintiff on a schedule going forward, they are instructed to contact the Court to seek relief.").

## IV.    CONCLUSION

The Court should strike VideoShare's amended infringement contentions.  Alternatively, if the foregoing motion to strike is denied, the Court should stay the case.  Alternatively, the Court should modify the Scheduling Order to lessen the prejudice to Meta.

DATED: March 25, 2022                    Respectfully submitted,

/s/ *Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
pamstutz@scottdoug.com

KILPATRICK TOWNSEND & STOCKTON LLP
MANSI H. SHAH (*pro hac vice*)
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:   (650) 326-2422
Email: MHShah@kilpatricktownsend.com

VAIBHAV P. KADABA (*pro hac vice*)
RICHARD W. GOLDSTUCKER (*pro hac vice*)
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555
Email: wkadaba@kilpatricktownsend.com
Email: rgoldstucker@kilpatricktownsend.com

STEVEN D. MOORE (*admitted to practice*)
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: smoore@kilpatricktownsend.com

KASEY E. KOBALLA (*pro hac vice*)
4208 Six Forks Road
Raleigh, NC 27609
Telephone:  (919) 420-1700
Facsimile:   (919) 420-1800
Email: kkoballa@kilpatricktownsend.com

EDWARD J. MAYLE (*pro hac vice)*
1400 Wewatta Street, Ste. 600
Denver, CO 80202

8

Telephone:  (303) 571-4000
Facsimile:   (303) 571-4321
Email: tmayle@kilpatricktownsend.com

*Attorneys for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on March 9, 2022, Meta's counsel conferred with Plaintiff's counsel regarding the foregoing motion, and opposing counsel indicated that Plaintiff is opposed to the motion.  Accordingly, the motion and the relief requested herein are presented to the Court for resolution.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 25, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz

9