# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| VIDEOSHARE, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FACEBOOK, INC., | § | CIVIL ACTION 6:21-cv-00254-ADA |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |
| | § | |

---

## DEFENDANT'S PRELIMINARY INVALIDITY CONTENTIONS

### I.    INTRODUCTION

Pursuant to the July 12, 2021 Joint Motion for Entry of Scheduling Order (Dkt. 26), Defendant Facebook, Inc. ("Facebook" or "Defendant") provides these Preliminary Invalidity Contentions to Plaintiff VideoShare, LLC ("VideoShare") for the following patent ("Asserted Patent") and claims (collectively, "Asserted Claims") identified as asserted in VideoShare's Preliminary Infringement Contentions served on July 7, 2021 ("Infringement Contentions"):

- U.S. Patent No. 10,362,341 ("'341 Patent") — Claims 1-7

Defendant addresses the invalidity of the Asserted Claims and conclude with a description of their document productions and identification of additional reservations and explanations. These Preliminary Invalidity Contentions use the acronym "POSITA" to refer to a person having ordinary skill in the art to which the claimed inventions pertain.

## II.      PRIORITY DATE OF THE ASSERTED PATENT AND CLAIMS

VideoShare asserts the following priority dates for all Asserted Claims in its Infringement Contentions:

- Priority Date: August 3, 1999

- Conception: December 1998

It is VideoShare's burden to show entitlement to its asserted priority dates, and Defendant asserts that VideoShare has failed to meet that burden. The documents produced by VideoShare in support of its alleged conception and reduction to practice (VS0000271-438) do not show that the named inventors of the Asserted Patent conceived the Asserted Claims on or after December 1998, do not show that the named inventors of the Asserted Patent were diligent in reducing to practice their alleged inventions, and do not show that the alleged inventions were actually reduced to practice at any time prior to the filing date of the '341 Patent.

In addition, provisional application No. 60/147,029 ("the '029 Provisional"), filed August 3, 1999, fails to disclose all elements of the Asserted Claims. Similarly, continuation-in-part application No. 09/497,587 ("the '587 Application"), filed Feb. 3, 2000, fails to disclose all elements of the Asserted Claims. As a non-limiting example, the '029 Provisional and '587 Application do not disclose the limitations related to advertisements, which appear in all asserted claims. For example, independent claim 1 includes the limitation "the first server system sending an advertisement for display with the identified video content sent in the stored first video file or the stored second video file." The '029 Provisional and '587 Application do not mention the foregoing concept of "sending an advertisement for display with the identified video content sent in the stored first video file or the stored second video file." In the '587 Application, the only mention of an advertisement is a discussion of a single video file, where the video file itself

comprises an advertisement. Dependent claims 2-7 likewise include limitations relating to advertising that are not mentioned by the '029 Provisional and '587 Application.

In addition, U.S. Patent App. Nos. 15/618,304 ("the '304 Application"), 15/091,441 ("the '441 Application"), 14/597,491 ("the '491 Application"), 13/909,876 ("the '876 Application"), 09/631,582 ("the '583 Application"), the '587 Application, and the '029 Provisional do not disclose, at least, the concepts of:

- a structured hierarchical network

- the first server system creating a second video file in a second format by converting at least a portion of the first video file from the first format to the second format

- independent from receiving a command from the first client to perform such conversion

- the first server system storing the first video file

- the first server system receiving a request to stream the identified video content to a second server system

- the first server system sending the stored first video file or the stored second video file corresponding to the identified video content to the second server system or the second client via the structured hierarchical network

- depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format

- wherein the advertisement is selected based on the second client

- wherein the advertisement includes an Internet link.

For purposes of these Preliminary Invalidity Contentions, Defendant identifies art that qualifies as prior art under 35 U.S.C. § 102 (pre-AIA) on or before August 3, 2000, the filing date

of application No. 09/631,583, the earliest continuation application to the '341 Patent that has the complete disclosure in the '341 Patent. Certain of Defendant's identified prior art also qualifies as prior art under 35 U.S.C. § 102 (pre-AIA) on or before August 3, 1999, and also before December 1998. Defendant reserves the right to supplement their contentions to the extent VideoShare demonstrates that the '341 Patent is entitled to a different priority date.

## III.   INVALIDITY UNDER 35 U.S.C. § 101

To qualify as patentable subject matter under § 101, a claim must be directed to one of four eligible subject matter categories which are: "any new and useful process, machine, manufacture, or composition of matter." 35 U.S.C. § 101. "Claims that fall within one of the four subject matter categories may nevertheless be ineligible if they encompass laws of nature, physical phenomena, or abstract ideas." *Diamond v. Chakrabarty*, 447 U.S. 303, 309 (1980). The Supreme Court established a two-step test for deciding the subject matter eligibility of claims under § 101. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 218 (2014). First, the claims must be analyzed to determine whether they are drawn to one of the statutory exceptions. *Id.* Claims that invoke generic computer components instead of reciting specific improvements in computer capabilities are abstract under this first step. *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335-36 (Fed. Cir. 2016). Second, the elements of the claims must be viewed both individually and as an ordered combination to see if there is an "inventive concept." *Id.* The mere fact that a claim recites or implies that an abstract idea is implemented using a general-purpose computer does not supply an inventive concept necessary to satisfy § 101. *See Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016); *Alice*, 573 U.S. at 221-224.

All of the Asserted Claims are directed to ineligible subject matter under 35 U.S.C. § 101 and applicable authority.[1] The Asserted Claims are similar to the claims of U.S. Patent No. 8,464,302 ("the '302 Patent"), which was found to be directed to ineligible subject matter under 35 U.S.C. § 101. *See VideoShare, LLC v. Google, Inc.*, No. 13-cv-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd*, 695 F. App'x 577 (Fed. Cir. 2017). The arguments for why the inventions of the '302 Patent are directed to ineligible subject matter, are abstract, conventional, and lack an inventive concept are applicable to the '341 Patent, and Defendant incorporates by reference the briefing presented and orders issued relating to the ineligibility of the '302 Patent as if set forth fully in these Preliminary Invalidity Contentions. Additionally, Defendant incorporates by reference the briefing presented in Google, Inc.'s Motion to Dismiss Based on Terminal Disclaimer (*see VideoShare, LLC v. Google, Inc.*, No. 6:19-cv-00663-ADA, Dkt. 74 (W.D. Tex. filed Feb. 8, 2021)) and Google, Inc.'s Motions for Summary Judgment (*see VideoShare, LLC v. Google, Inc.*, No. 6:19-cv-00663-ADA, (W.D. Tex. filed Aug. 25, 2021)), filed in the co-pending action, and the briefing presented in Google LLC's petition for covered business method review of the '341 Patent (*see Google LLC v. VideoShare LLC*, No. CBM2020-00027).

---

[1] *See, e.g., Alice Corp. Pty. Ltd.,* 573 U.S. 208; *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66 (2012); *Trading Techs. Int'l, Inc. v. IBG, LLC*, 921 F.3d 1084 (Fed. Cir. 2019); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759 (Fed. Cir. 2019); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335 (Fed. Cir. 2018); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018); *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329 (Fed. Cir. 2017), *cert. denied*, 139 S. Ct. 378 (2018); *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332 (Fed. Cir. 2017); *Apple, Inc. v. Ameranth, Inc.,* 842 F.3d 1229 (Fed. Cir. 2016); *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253 (Fed. Cir. 2016); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350; *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016); *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369 (Fed. Cir. 2016); *Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363 (Fed. Cir. 2015); *Internet Patents Corp. v. Active Network, Inc*, 790 F.3d 1343 (Fed. Cir. 2015); *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359 (Fed. Cir. 2015); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343 (Fed. Cir. 2014); *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350 (Fed. Cir. 2014); *Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344 (Fed. Cir. 2014); *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366 (Fed. Cir. 2011).

**IV.     PRIOR ART REFERENCES**

Defendant identifies the following prior art now known to Defendant to anticipate or render

obvious the Asserted Claims under at least 35 U.S.C. §§ 102(a), (b), (e), and/or (g), and/or § 103,

either expressly or inherently as understood by a POSITA.

**A.     Prior Art Publications**

The following patents and publications are prior art to the Asserted Claims under at least

35 U.S.C. §§ 102(a), (b), (e), and/or (g). Invalidity claim charts for these references are attached

as Exhibits A1 through A18. To the extent VideoShare contends that any of these references are

not enabling, then the claims of the '341 Patent are invalid for lack of enablement for the same

reasons.

1.  U.S. Patent No. 6,173,317 ("Chaddha"). *See* Ex. A1.

2.  Mohan et al., "Multimedia content customization for universal access," "Adapting Multimedia Internet Content for Universal Access," and "Adapting Multimedia Internet Content for Universal Access" (IEEE Transactions on Multimedia) ("Mohan"). *See* Ex. A2.

3.  U.S. Patent No. 6,573,907 and RE42,728 ("Madrane"). *See* Ex. A3.

4.  U.S. Patent No. 7,017,173 ("Armstrong"). *See* Ex. A4.

5.  U.S. Patent No. 7,339,993 ("Brooks"). *See* Ex. A5.

6.  U.S. Patent No. 8,392,532 ("Wood"). *See* Ex. A6.

7.  PCT WO 01/80039 and U.S. Pat. App. No. 09/548,566 ("Mutual"). *See* Ex. A7.

8.  U.S. Patent No. 6,188,428 and PCT WO 93/16557 ("Koz"). *See* Ex. A8.

9.  U.S. Patent No. 6,006,257 ("Slezak"). *See* Ex. A9.

10. U.S. Patent No. 6,269,394 ("Kenner"). *See* Ex. A10.

11. U.S. Patent No. 6,389,473 ("Carmel"). *See* Ex. A11.

12. U.S. Patent No. 6,009,410 ("LeMole"). *See* Ex. A12.

13. U.S. Patent No. 5,892,535 ("Allen"). *See* Ex. A13.

14. U.S. Patent No. 6,505,255 ("Akatsu"). *See* Ex. A14.

15. U.S. Patent No. 7,031,339 ("Accarie"). *See* Ex. A15.

16. EP 0961490 ("Chang"). *See* Ex. A16.

17. U.S. Patent No. 6,615,039 ("Elderling"). *See* Ex. A17.

18. U.S. Patent No. 6,374,260 ("Hoffert"). *See* Ex. A18.

Defendant additionally identifies and relies on patent or publication references that describe or are otherwise related to the prior art systems identified below. Defendant's investigation into prior art patent and publication references remains ongoing, and Defendant reserves the right to identify and rely on additional patent or publication references that are identified through further investigation or discovery. Defendant reserves the right to supplement its Preliminary Invalidity Contentions as further prior art is identified through investigation or discovery.

### B.    Prior Art Systems

The following systems are prior art to the Asserted Claims under at least 35 U.S.C. §§ 102(a), (b) and/or (g). Invalidity claim charts for these references are attached as Exhibits B1 through B7.

1.  Products, components, systems, and methods invented, designed, developed, reduced to practice, and/or in public use or on sale related to the POPcast System ("POPcast"). POPcast qualifies as prior art under § 102 because it was either (1) in public use or on sale in the United States no later than the priority date of the Asserted Claims or (2) reduced to practice in the United States no later than the priority date of the Asserted Claims without being abandoned, suppressed, or concealed. Defendant reserves the right to rely on other sources of evidence identified as discovery and Defendant's investigation progresses. The substantive disclosures of POPcast, as compared to the limitations of the '341 Asserted Claims, is provided in Exhibit B1. Defendant reserves the right to supplement, amend, add to, or otherwise revise this disclosure to rely on other sources of evidence identified as discovery and Defendant's investigation progresses.

2.  Products, components, systems, and methods invented, designed, developed, reduced to practice, and/or in public use or on sale related to the Virage System ("Virage").

Virage qualifies as prior art under § 102 because it was either (1) in public use or on sale in the United States no later than the priority date of the Asserted Claims or (2) reduced to practice in the United States no later than the priority date of the Asserted Claims without being abandoned, suppressed, or concealed. Defendant reserves the right to rely on other sources of evidence identified as discovery and Defendant's investigation progresses. The substantive disclosures of Virage, as compared to the limitations of the '341 Asserted Claims, is provided in Exhibit B2. Defendant reserves the right to supplement, amend, add to, or otherwise revise this disclosure to rely on other sources of evidence identified as discovery and Defendant's investigation progresses.

3.  Products, components, systems, and methods invented, designed, developed, reduced to practice, and/or in public use or on sale related to the Share Your World System ("Share Your World"). Share Your World qualifies as prior art under § 102 because it was either (1) in public use or on sale in the United States no later than the priority date of the Asserted Claims or (2) reduced to practice in the United States no later than the priority date of the Asserted Claims without being abandoned, suppressed, or concealed. Defendant reserves the right to rely on other sources of evidence identified as discovery and Defendant's investigation progresses. The substantive disclosures of Share Your World, as compared to the limitations of the '341 Asserted Claims, is provided in Exhibit B3. Defendant reserves the right to supplement, amend, add to, or otherwise revise this disclosure to rely on other sources of evidence identified as discovery and Defendant's investigation progresses.

4.  Products, components, systems, and methods invented, designed, developed, reduced to practice, and/or in public use or on sale related to the AlwaysOnTV System ("AlwaysOnTV"). AlwaysOnTV qualifies as prior art under § 102 because it was either (1) in public use or on sale in the United States no later than the priority date of the Asserted Claims or (2) reduced to practice in the United States no later than the priority date of the Asserted Claims without being abandoned, suppressed, or concealed. Defendant reserves the right to rely on other sources of evidence identified as discovery and Defendant's investigation progresses. The substantive disclosures of AlwaysOnTV, as compared to the limitations of the '341 Asserted Claims, is provided in Exhibit B4. Defendant reserves the right to supplement, amend, add to, or otherwise revise this disclosure to rely on other sources of evidence identified as discovery and Defendant's investigation progresses.

5.  Products, components, systems, and methods invented, designed, developed, reduced to practice, and/or in public use or on sale related to the Knowledge Assembly System ("Knowledge Assembly"). Knowledge Assembly qualifies as prior art under § 102 because it was either (1) in public use or on sale in the United States no later than the priority date of the Asserted Claims or (2) reduced to practice in the United States no later than the priority date of the Asserted Claims without being abandoned, suppressed, or concealed. Defendant reserves the right to rely on other sources of evidence identified as discovery and Defendant's investigation progresses. The substantive disclosures of Knowledge Assembly, as compared to the limitations of the '341 Asserted Claims, is provided in Exhibit B5. Defendant reserves the right to

supplement, amend, add to, or otherwise revise this disclosure to rely on other sources of evidence identified as discovery and Defendant's investigation progresses.

6. Products, components, systems, and methods invented, designed, developed, reduced to practice, and/or in public use or on sale related to the YourVideoOnTheWeb System ("YourVideoOnTheWeb"). YourVideoOnTheWeb qualifies as prior art under § 102 because it was either (1) in public use or on sale in the United States no later than the priority date of the Asserted Claims or (2) reduced to practice in the United States no later than the priority date of the Asserted Claims without being abandoned, suppressed, or concealed. Defendant reserves the right to rely on other sources of evidence identified as discovery and Defendant's investigation progresses. The substantive disclosures of YourVideoOnTheWeb, as compared to the limitations of the '341 Asserted Claims, is provided in Exhibit B6. Defendant reserves the right to supplement, amend, add to, or otherwise revise this disclosure to rely on other sources of evidence identified as discovery and Defendant's investigation progresses.

7. Products, components, systems, and methods invented, designed, developed, reduced to practice, and/or in public use or on sale related to the ClipShow System ("ClipShow"). ClipShow qualifies as prior art under § 102 because it was either (1) in public use or on sale in the United States no later than the priority date of the Asserted Claims or (2) reduced to practice in the United States no later than the priority date of the Asserted Claims without being abandoned, suppressed, or concealed. Defendant reserves the right to rely on other sources of evidence identified as discovery and Defendant's investigation progresses. The substantive disclosures of ClipShow, as compared to the limitations of the '341 Asserted Claims, is provided in Exhibit B7. Defendant reserves the right to supplement, amend, add to, or otherwise revise this disclosure to rely on other sources of evidence identified as discovery and Defendant's investigation progresses.

Defendant's investigation into prior art systems remains ongoing and Defendant reserves the right to identify and rely on systems that represent different versions or are otherwise related variations of the systems identified above. Defendant additionally discloses all prior art systems that are described in the patent and publication prior art listed above or that were developed, sold, or manufactured by the original assignees or authors of the patent and publication references above.

## C.    Obviousness

Below is a listing of exemplary combinations of references that would render obvious the Asserted Claims. In addition to the exemplary combinations of references below, the combination

of (1) any of the references with the knowledge of one of ordinary skill or (2) any of the exemplary combinations listed below with the knowledge of ordinary skill would render obvious the Asserted Claims. These identified combinations are exemplary, and Facebook reserves the right to identify additional combinations during expert discovery and later stages of the case.

For example, the Asserted Claims are rendered obvious by:

- Chaddha alone or in combination with one or more of Mohan, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Mohan alone or in combination with one or more of Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Madrane alone or in combination with one or more of Mohan, Chaddha, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Armstrong alone or in combination with one or more of Mohan, Chaddha, Madrane, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Brooks alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Wood alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Mutual alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Koz alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Slezak, Kenner, Carmel, LeMole, Allen,

Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Slezak alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Kenner alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Carmel alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- LeMole alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb Hoffert,, and ClipShow;

- Allen alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Akatsu alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Accarie alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, and ClipShow;

- Chang alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Elderling alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen,

Akatsu, Accarie, Chang, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- POPcast alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Virage alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Share Your World, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Share Your World alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, AlwaysOnTV, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- AlwaysOnTV alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, Knowledge Assembly, YourVideoOnTheWeb, Hoffert, and ClipShow;

- Knowledge Assembly alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, YourVideoOnTheWeb, Hoffert, and ClipShow;

- YourVideoOnTheWeb alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Hoffert, ClipShow, and Knowledge Assembly;

- ClipShow alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, Hoffert, and YourVideoOnTheWeb;

- Hoffert alone or in combination with one or more of Mohan, Chaddha, Madrane, Armstrong, Brooks, Wood, Mutual, Koz, Slezak, Kenner, Carmel, LeMole, Allen, Akatsu, Accarie, Chang, Elderling, POPcast, Virage, Share Your World, AlwaysOnTV, Knowledge Assembly, ClipShow, and YourVideoOnTheWeb.

Combining the references disclosed in the attached Exhibits would have been obvious, as the references identify and address the same technical issues, such as compression and conversion of

content and/or videos into different formats, storage, transmission and streaming of content and/or videos, and advertising relating to content and/or videos. *See e.g.* Chaddha at 2:27-37; Mohan at Mohan 1, 411-417; Madrane at Abstract, Claim 1; Armstrong at 4:18-28, 6:21-41; Brooks at 1:15-19, 4:48-6:5; Wood at 2:66-3:20, 9:6-41; Mutual at Mutual PCT, 2, 6-7; Koz at Abstract, 4:10-65; Slezak at 1:14-21; Kenner at 4:38-54; Carmel at Abstract; LeMole at Abstract, 3:16-4:35; Allen at Abstract, 38:57-67; Akatsu at 7:4-48; Accarie at Abstract; Chang at Abstract, [0008]-[0011]; Elderling at 1:10-14, 2:1-5; POPcast at

https://web.archive.org/web/19991127165445/http://www.popcast.com:80/about/default.asp;

Virage at

https://web.archive.org/web/20000510222552/http:/www.virage.com/products/videologger.html;

Share Your World at

https://www.streamingmedia.com/Articles/ReadArticle.aspx?ArticleID=62098;

AlwaysOnTV at https://web.archive.org/web/20000815060835/http://www.alwaysontv.com/;

Knowledge Assembly at

https://web.archive.org/web/20021209155441/http://www.knowledgeassembly.com/home.htm;

YourVideoOnTheWeb at http://www.yourvideoontheweb.com/index2.htm;

ClipShow at https://web.archive.org/web/19991128111735/http:/www.clipshow.com/about.html;

Hoffert at 3:21-53. As shown in the Exhibits, these references seek to solve problems and improve technologies associated with processing and distributing content and/or video over a network, such as the Internet. *Id.* Accordingly, someone of skill in the art at the time of the alleged invention would have been motivated to combine the teaching of those similar references that deal with improvements to technologies associated with processing and distributing content and/or video over a network and such combinations would have been obvious because these references would

have been combined using: known methods to yield predictable results; known techniques in the same way; a simple substitution of one known, equivalent element for another to obtain predictable results; and/or a teaching, suggestion, or motivation in the prior art generally. *See Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1058 (Fed. Cir. 2016); *Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, 869 F.3d 1336, 1344 (Fed. Cir. 2017); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 414-17 (2007) (rejecting the Federal Circuit's "rigid" application of the teaching, suggestion, or motivation to combine test, and instead applying an "expansive and flexible" approach).

In addition, it would have been obvious to try combining the prior art references identified above because there were only a finite number of predictable solutions and/or because known work in one field of endeavor prompted variations based on predictable design incentives and/or market forces either in the same field or a different one. *See ACCO Brands Corp. v. Fellowes, Inc.*, 813 F.3d 1361, 1367 (Fed. Cir. 2016); *Sanofi-Aventis Deutschland GmbH v. Glenmark Pharms. Inc., USA*, 748 F.3d 1354, 1360 (Fed. Cir. 2014); *Bayer Pharma AG v. Watson Lab'ys, Inc.*, 874 F.3d 1316, 1329 (Fed. Cir. 2017); *KSR*, 550 U.S. at 420. Further, the combinations of the prior art references identified above and in the claim charts would have been obvious because the combinations represent known potential options with a reasonable expectation of success. *See InTouch Techs., Inc. v. VGo Comm'cns, Inc.*, 751 F.3d 1327, 1347 (Fed. Cir. 2014).

Additional evidence that there would have been a motivation to combine the prior art references identified above includes the interrelated teachings of multiple prior art references; the effects of demands known to the design community or present in the marketplace; the existence of a known problem for which there was an obvious solution encompassed by the Asserted Claims; the existence of a known need or problem in the field of the endeavor at the time of the alleged inventions; and the background knowledge that would have been possessed by a POSITA. *See*

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1359 (Fed. Cir. 2017);

*Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, 869 F.3d 1336, 1344 (Fed. Cir. 2017);

*Unwired Planet, LLC v. Google Inc.*, 841 F.3d 995, 1003 (Fed. Cir. 2016); *Norgren Inc. v. Int'l Trade Comm'n*, 699 F.3d 1317, 1322-23 (Fed. Cir. 2012). Further, the motivation to combine the teachings of the prior art references disclosed herein is also found in the references themselves and in: (1) the nature of the problem being solved; (2) the express, implied and inherent teachings of the prior art; (3) the knowledge of POSITAs; (4) the predictable results obtained in combining the different elements of the prior art; (5) the predictable results obtained in simple substitution of one known element for another; (6) the use of a known technique to improve similar devices, methods, or products in the same way; (7) the predictable results obtained in applying a known technique to a known device, method, or product ready for improvement; (8) the finite number of identified predictable solutions that had a reasonable expectation of success; and (9) known work in various technological fields that could be applied to the same or different technological fields based on design incentives or other market forces. See above legal background regarding obviousness combinations and M.P.E.P. § 2143.

## V.     INVALIDITY UNDER 35 U.S.C. § 112

Pursuant to the July 12, 2021 Joint Motion for Entry of Scheduling Order (Dkt. 26), Defendant identifies the following grounds of invalidity under 35 U.S.C. § 112.

### A.     Legal Background Regarding The Enablement, And Written Description Requirements

Section 112, ¶ 2 includes a definiteness requirement: "[T]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor . . . regards as his invention." 35 U.S.C. § 112(b). "[A] patent is invalid for indefiniteness if its claims, read in light of the [patent's] specification . . . and the prosecution

history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014).

The definiteness requirement requires that the claim must set forth what the applicant regards as the invention and do so with sufficient particularity and definiteness. *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1348 (Fed. Cir. 2002). Where it would be apparent to one of skill in the art, based on the patent specification, that the "invention" set forth in a claim is not what the patent applicant regarded as the invention, the claim is invalid. *Id.*

35 U.S.C. § 112 further includes an enablement requirement: "The specification shall contain a written description . . . of the manner and process of making and using [the invention] in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same." 35 U.S.C. § 112, ¶ 1. To satisfy the enablement requirement, the disclosure "must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1365 (Fed. Cir. 1997) (citation omitted); *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1381 (Fed. Cir. 2012); *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008). If a specification teaches away from a substantial portion of the claim or does not enable the full scope of the claim, there is no enablement. *AK Steel Corp. v. Sollac*, 344 F.3d 1234 (Fed. Cir. 2003); *see also MagSil Corp.*, 687 F.3d at 1383-84.

35 U.S.C. § 112 further includes a written description requirement: "The specification shall contain a written description of the invention . . . ." 35 U.S.C. § 112, ¶ 1. "To satisfy the written description requirement, a patent applicant must 'convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention.'" *ICU Med.*

*Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1377 (Fed. Cir. 2009) (citations omitted); *see also Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734 F.3d 1332, 1340 (Fed. Cir. 2013). "The test [for written description support] requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art. Based on that inquiry, the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc).

### B.    Invalidity Grounds Under 35 U.S.C. § 112

The grounds identified below both individually and collectively render the '341 Asserted Claims invalid under the statutory requirements of § 112. By identifying certain claim language below, Defendant does not imply that such language is entitled to any patentable weight when comparing the claim as a whole to the prior art. Defendant's identifications are made based on Defendant's present understanding of the Asserted Claims and VideoShare's apparent interpretation of these claims as reflected in its Infringement Contentions, and Defendant reserves the right to amend these identifications, including in response to claim constructions and claim interpretations that would render claim limitations not enabled, lacking in written description, or indefinite. To the extent a claim element is contained within an element identified below or encompasses an element identified below, that claim element also renders the claim invalid under 35 U.S.C. § 112.

### 1.    Lack of Enablement And Written Description Under 35 U.S.C. § 112 ¶ 1

Based on Defendant's present understanding of the Asserted Claims and VideoShare's apparent interpretation of these claims as reflected in its Infringement Contentions, the Asserted Claims fail to satisfy the requirements of § 112, ¶ 1 because the specification and original patent

application fail to provide an enabling disclosure of and written description support for at least the following limitations:

- a structured hierarchical network

- the first server system creating a second video file in a second format by converting at least a portion of the first video file from the first format to the second format

- independent from receiving a command from the first client to perform such conversion

- the first server system storing the first video file

- the first server system receiving a request to stream the identified video content to a second server system

- the first server system sending the stored first video file or the stored second video file corresponding to the identified video content to the second server system or the second client via the structured hierarchical network

- depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format

- wherein the advertisement is selected based on the second client

- wherein the advertisement includes an Internet link.

In a separate proceeding, Google, Inc. previously made a similar argument with respect to U.S. Patent No. 8,464,302 ("the '302 Patent") in its petition for covered business method review of the '302 Patent, CBM2016-00074, regarding the lack of written description in support of advertising limitations, and those arguments extend to the advertising limitations at issue in the '341 Patent. Defendant incorporates by reference the petition for covered business method review of the '302 Patent as if set forth fully in these Preliminary Invalidity Contentions.

## VI.     DOCUMENT PRODUCTION ACCOMPANYING PRELIMINARY INVALIDITY CONTENTIONS

Pursuant to the Court's Order Governing Proceedings (Patent – OGP Version 3.4) and the July 12, 2021 Joint Motion for Entry of Scheduling Order (Dkt. 26), Defendant is producing and/or making available for inspection all prior art referenced in these Preliminary Invalidity Contentions and technical documents, including source code, sufficient to show the operation of the accused product charted in VideoShare's Infringement Contentions, Facebook LIVE. The source code computer is located in secured law offices in Silicon Valley, California. Should VideoShare seek to review the source code, it should coordinate with counsel for Defendant.

Defendant reserves the right to produce and rely on additional documents relating to their products in view of, for example, additional information revealed during discovery regarding VideoShare's allegations and/or permitted amendments to VideoShare's Infringement Contentions.

## VII.     OTHER RESERVATIONS AND EXPLANATIONS

These Preliminary Invalidity Contentions and accompanying document productions are preliminary and subject to further revision. Nothing in these contentions constitutes an admission concerning the priority date, conception date, or date of reduction to practice of the Asserted Claims. Defendant reserves the right to modify or supplement these Preliminary Invalidity Contentions, including in response to any positions taken or information disclosed regarding the priority date, conception date, or date of reduction to practice of the Asserted Claims.

For prior art patents and prior art publications identified in these Preliminary Invalidity Contentions, Defendant reserves the right to rely on the public use, offer for sale, sale, and/or actual products embodying the methods and systems described therein uncovered during discovery. Defendant also reserves the right to rely on any related patents and patent applications,

foreign patent counterparts and foreign patent applications of U.S. patents identified in these Preliminary Invalidity Contentions, and U.S. counterparts of foreign patents and foreign patent applications identified in these Preliminary Invalidity Contentions.

Defendant's Preliminary Invalidity Contentions are based in part on Defendant's present understanding of the Asserted Claims and VideoShare's apparent interpretation of these claims as reflected in its Infringement Contentions. By including prior art that anticipates or renders obvious claims based on VideoShare's apparent claim interpretations, Defendant is not agreeing that VideoShare's claim interpretations are correct.

The accompanying invalidity claim charts provide examples of prior art that discloses, either expressly or inherently, every limitation of certain claims and/or teachings, suggestions and motivations through which a POSITA at the time of the alleged invention would have considered the limitations obvious in view of the state of the art at the time, the differences between the claimed invention and the state of the art, and the foreseeability from a technical perspective and/or marketing and/or natural and expected evolution of the art. Where Defendant cites to a particular figure in a reference, the citation should be understood to encompass the caption and description of the figure and any text relating to the figure. Conversely, where Defendant cites to particular text referring to a figure, the citation should be understood to include the figure as well. As discovery progresses and the scope and focus of the liability issues become clearer, Defendant may rely on uncited portions of the prior art.

Defendant reserves the right to revise its ultimate contentions concerning the invalidity of the Asserted Claims, which may change depending on discovery taken in the case, the Court's construction of the Asserted Claims, any findings as to the priority date of the Asserted Claims,

and/or positions that VideoShare or expert witness(es) may take concerning claim construction, infringement, and/or invalidity issues.

Defendant may rely on VideoShare's or any inventor's admissions concerning the scope of prior art relevant to the Asserted Patent; the patent prosecution histories for the Asserted Patent and any related patent; any deposition testimony of the named inventors on the Asserted Patent; and the papers filed and any evidence submitted by VideoShare in connection with this litigation. For example, Defendant reserves the right to assert that the Asserted Claims are invalid under 35 U.S.C. § 102(f) in the event that Defendant obtains evidence that the named inventors did not invent (either alone or in conjunction with others) the subject matter claimed in the Asserted Patent. Should Defendant obtain such evidence, it will provide the name(s) of the person(s) from whom and the circumstances under which the claimed invention or any part of it was derived.

Prior art not included in this disclosure, whether known or not known to Defendant, may become relevant. In particular, Defendant is currently unaware of the extent, if any, to which VideoShare will contend that limitations of the Asserted Claims are not disclosed in the prior art identified by Defendant. To the extent such an issue arises, Defendant reserves the right to identify other references that would render obvious the allegedly missing limitation(s) of the disclosed device or method. Further, because discovery has not opened and because Defendant has not yet completed their search for or analysis of relevant prior art, Defendant reserves the right to revise, amend, and/or supplement the information provided herein, including identifying, charting, and relying on additional references, should Defendant's further search and analysis yield additional information or references, consistent with the Federal Rules of Civil Procedure.

Additionally, because third-party discovery is not yet complete, Defendant reserves the right to present additional items of prior art under 35 U.S.C. §§ 102(a), (b), (e), and/or (g), and/or

§ 103, located during the course of such discovery or further investigation, and to assert invalidity under 35 U.S.C. §§ 102(c), (d), or (f), to the extent that such discovery or investigation yields information forming the basis for such invalidity. For example, Defendant expects to issue subpoenas to, and receive information from, third parties believed to have knowledge, documentation, and/or corroborating evidence concerning some of the prior art listed below and/or additional prior art. These third parties include, without limitation, the authors, inventors, vendors, or assignees of the references listed in these disclosures.

Defendant further reserves the right to modify or add additional contentions in the event that VideoShare provides amended infringement contentions and to the extent the Court orders or allows VideoShare to amend its infringement contentions.

Pursuant to the July 12, 2021 Joint Motion for Entry of Scheduling Order (Dkt. 26), and in light of VideoShare's Infringement Contentions and accompanying claim chart, Defendant lists in these Preliminary Invalidity Contentions the prior art now known to it that it contends anticipates or renders obvious the Asserted Claims. Although Defendant has identified at least one disclosure of a limitation for each prior art reference, each and every disclosure of the same limitation in the same reference is not necessarily identified. In an effort to focus the issues, Defendant's citations are only representative portions of an identified reference, even where a reference may contain additional support for a particular claim limitation. POSITAs generally read an item of prior art as a whole and in the context of other publications and literature. Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge. Defendant may rely on uncited portions of the prior art references and on other

publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.

Defendant incorporates in these Preliminary Invalidity Contentions, in full, all prior art references cited in the Asserted Patent and its prosecution history and any applicable post-grant proceedings, including *ex parte* reexaminations, *inter partes* reviews and covered business method reviews (currently pending or otherwise), and invalidity contentions in other litigations including, but not limited to *VideoShare, LLC v. Google, Inc.*, No. 13-cv-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), and *VideoShare, LLC v. Google, Inc.*, No. 6:19-cv-00663-ADA, 2020 WL 6365543-ADA (W.D. Tex. May 4, 2020), regarding the Asserted Patent or any related patents thereto.

Subject to Defendant's reservation of rights, Defendant identifies each item of prior art that anticipates and/or renders obvious the Asserted Claims. The patents/applications, publications, and systems identified are also relevant to show the state of the art and reasons and motivations for making improvements, additions, and combinations.

Defendant also contends that the Asserted Patent is invalid in view of public knowledge and uses and/or offers for sale or sales of products and services that are under 35 U.S.C. § 102(a) and/or 35 U.S.C. § 102(b) and/or prior inventions made in this country by other inventors who had not abandoned, suppressed, or concealed them under 35 U.S.C. § 102(g). Further, Defendant contends that the Asserted Patent is invalid and unenforceable under 35 U.S.C. § 101 and/or § 102(f) for misjoinder of Inventorship.

Defendant also reserves the right to rely on any system, public knowledge or use embodying or otherwise incorporating any of the prior art disclosed herein alone or in combination.

Defendant further reserves the right to rely on any other documents or references describing any such system, knowledge, or use.

DATED: September 1, 2021   Respectfully submitted,

*/s/ Richard W. Goldstucker*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
pamstutz@scottdoug.com

KILPATRICK TOWNSEND & STOCKTON LLP
MANSI H. SHAH (*pro hac vice*)
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:   (650) 326-2422
Email: MHShah@kilpatricktownsend.com

VAIBHAV P. KADABA (*pro hac vice*)
RICHARD W. GOLDSTUCKER (*pro hac vice*)
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555
Email: wkadaba@kilpatricktownsend.com
Email: rgoldstucker@kilpatricktownsend.com

KASEY E. KOBALLA (*pro hac vice*)
4208 Six Forks Road
Raleigh, NC 27609
Telephone:  (919) 420-1700
Facsimile:   (919) 420-1800
Email: kkoballa@kilpatricktownsend.com

EDWARD J. MAYLE (*pro hac vice*)
1400 Wewatta Street, Ste. 600
Denver, CO 80202
Telephone:  (303) 571-4000
Facsimile:   (303) 571-4321
Email:  tmayle@kilpatricktownsend.com

*Attorneys for Defendant Facebook, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and foregoing document was served on counsel for Plaintiff VideoShare, LLC via electronic delivery on September 1, 2021.

*/s/ Richard W. Goldstucker*
Richard W. Goldstucker