IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VIDEOSHARE, LLC,<br>   *Plaintiff,* | § § § § § § § § § § | |
| v. | | Case No. 6:21-CV-00254-ADA |
| META PLATFORMS, INC.,<br>   *Defendant.* | | |

### DISCOVERY DISPUTE ORDER

  The Court hereby rules on the following discovery dispute that the parties raised by email.

<u>Plaintiff's Position:</u>

  Defendant ("Meta") should be compelled to produce the text file which Plaintiff's ("VideoShare") expert created and saved on the source code computer.

  VideoShare's expert, Dr. Nabil Sarhan, spent five days painstakingly reviewing the over 2.6 ***million*** files of source code that Meta made available for inspection in San Francisco. To ensure an efficient review session, VideoShare requested that Meta (1) provide its directory structure ahead of time for Dr. Sarhan to study and (2) provide documentation on the Source Code Computer (*i.e.*, its Wiki) which it makes available to its developers; Meta refused both requests. *See, e.g.*, Ex. A. Notably, on March 22, 2022, **5 days after the code review**, Meta produced 31 redacted documents (excerpts from its Wiki), which it claims are source code but never made available for inspection or use on the Source Code Computer during the code review.

  The lack of documentation significantly hampered Dr. Sarhan's review. Dr. Sarhan nonetheless identified around 600 files which evidenced Meta's infringing activities. Due to the sheer volume of code produced and the 325-page limit for printing, not to mention the fact that Meta did not provide any tools to print files so that their full directory and filename was visible in

the header (without which the resulting PDFs would have limited, if any, value), Dr. Sarhan was forced to create a text file listing hundreds of file paths for printing in lieu of creating PDFs per the Protective Order, and informed Meta's counsel of this no later than Thursday. To be clear, the text file contains ***no source code whatsoever***. Instead, it includes only directories and filenames for ease of printing.

On March 18, 2022, VideoShare's counsel requested the text file so as to determine the relevant files and lines of code for printing, but Meta refused to provide it, first by feigning ignorance and asking VideoShare which file exactly it meant—despite it being the sole file in the directory arranged by Meta for providing review results to VideoShare—and later by insisting that the Protective Order required handwriting those 600+ filenames and that, absent this needless inefficiency, the results of the code review remain inaccessible. Dr. Sarhan's approach is the most efficient method and benefits all parties, reducing errors and giving VideoShare the ability to further narrow down print requests without additional travel. Despite this and contrary to common courtesy, especially given its insistence on source code review ***only in San Francisco***, Meta expects VideoShare's expert to fly back solely to make PDFs for printing and would not even agree to shorten the printing time from 5 business days to 3 days.

Thus, VideoShare asks only that this Court ensure that it is able to conduct its rightful discovery.

<u>Plaintiff's Requested Relief</u>

The Court should compel Meta to produce the text file which is located on the source code computer at ~/Desktop/Reviewer/Copies/22-03-18/File_requested_by_VideoShare.txt.

Defendant's Position

VideoShare violated the Court's Protective Order. VideoShare's expert wrote and ran a script on the source code computer and created electronic notes in the form of a text file on the Source Code computer. The Protective Order is clear that doing so is prohibited:

> (j) The receiving Party's Outside Counsel and/or experts/consultants will be entitled to take hand-written notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

Dkt. 52 at §10(j) (emphasis added). Remarkably, VideoShare does not deny that it violated the Protective Order. Rather, it helps itself to an unheard of right to violate the Protective Order whenever VideoShare deems doing so to be "the most efficient method." *See supra*.

But as a software company, Meta's Source Code is its crown jewel. Unauthorized release of the Source Code could cause significant—potentially disastrous—harm to Meta; that is precisely what the Protective Order is designed to avoid. Litigants cannot choose to disobey the Court's Protective Order whenever it inconveniences them. VideoShare's passel of complaints about the millions of files of Source Code, the Source Code being in San Francisco—as this Court ordered—and the insufficiency of tools on the Source Code computer— though Meta provided all tools requested by VideoShare—do nothing to excuse VideoShare's blatant disregard for this Court's Order.

Indeed, that VideoShare's expert was able to create an electronic file cataloguing the specific parts of the Source Code that he thinks are most relevant disproves VideoShare's self-serving arguments that the Source Code computer was deficient. VideoShare brought this case in this District and should not be permitted to circumvent the Protective Order to save time—time during which VideoShare can continue its review of the source code at the Source Code computer,

determine the files it seeks to print, and complete its review by creating PDFs of lines and pages of code for printing, as authorized by the Protective Order. Dkt. 52.

If the Court sets a precedent of allowing VideoShare to violate the Protective Order with impunity, Meta (and other technology companies) will be put at risk. Accordingly, Meta seeks relief under the Protective Order. *See* Dkt. 52 at 20, ¶28 ("Any Party knowing or believing that any other Party is in violation … may move the Court for such relief as may be appropriate in the circumstances."). In particular, Meta seeks an order allowing it to destroy VideoShare's electronic notes about the Source Code and disallowing VideoShare from using the electronic notes in any way.

VideoShare should not be rewarded for its violation, and so, at minimum, its motion should be denied, and the electronic notes should remain in Meta's sole custody. VideoShare can return to the Source Code computer, view the electronic notes *for one time only* and make proper print requests that comply with the Protective Order. After the viewing of the unauthorized electronic notes, the electronic notes should be destroyed.

Defendant's Requested Relief

Meta seeks an order allowing it to destroy the electronic notes in violation of the Protective Order. Meta also respectfully requests that VideoShare's motion be denied.

## RESOLUTION

The Court finds that Plaintiff's expert violated the Protective Order. The Court adopts a modified version of Meta's proposal that minimizes the burden to Plaintiff.

The Court **ORDERS**:

1) VideoShare may return to the Source Code computer one time to examine the electronic notes and copy them by hand, make print requests, or otherwise review them.

2) Thereafter, Meta may destroy the electronic notes.

3) Plaintiff's requested relief is **DENIED**.


SIGNED this 27th day of March, 2022.

                                               ALAN D ALBRIGHT
                                               UNITED STATES DISTRICT JUDGE