**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VIDEOSHARE, LLC,<br><br>      Plaintiff,<br>v.<br><br>META PLATFORMS, INC.<br><br>      Defendant. | CIVIL ACTION NO. 6:21-CV-00254-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
<u>AMENDED INFRINGEMENT CONTENTIONS</u>**

Plaintiff VideoShare, LLC ("VideoShare") files this Response in Opposition to Defendant Meta Platform, Inc.'s ("Meta") Motion to Strike Plaintiff's Amended Infringement Contentions (the "Motion"), and respectfully shows as follows:

## I. INTRODUCTION

Meta's Motion should be denied for at least three reasons. First, from the outset of this case, VideoShare accused "*Facebook Live*, *Facebook Watch*, *Instagram*, and *Facebook's video streaming service*" (collectively, the "Accused Instrumentalities") of infringing the asserted patent. Dkt. 1 at 7, ¶ 28 (emphasis added); *see also* Dkt. 20 at 7-8, ¶ 28 (identifying and accusing Meta's "products and/or services marketed as *Facebook Live*, *Facebook Watch, and Instagram*, …. as well as *Facebook's standard video upload and streaming offerings*") (emphases added). VideoShare's preliminary infringement contentions ("PICs"), which were served on July 7, 2021, accused those same products. Dkt. 56-2 at 1. Although Instagram has been an Accused Instrumentality since March 15, 2021, Meta never contended that VideoShare's infringement contentions were deficient or required supplementation, choosing instead to wait over seven months (and until after VideoShare had already supplemented its preliminary contentions based on newly identified information) to file its Motion.

Second, the Court's Standing Order Governing Proceedings ("OGP") permits parties to amend preliminary contentions without leave of Court. As such, Meta's reliance on other districts' inapplicable local patent rules or analyses of good cause factors is misplaced. Importantly, nothing in the Court's OGP prohibits use of newly discovered information, public or otherwise. Rather, the OGP expressly provides for amendment based on *material identified after* the preliminary contentions were served, with the required certification, as is the case here. Indeed, VideoShare was forced to continue to search for public information related to Instagram because, as Meta readily admits, it refused to produce such information. Dkt. 56 at 2 ("Meta's invalidity contentions,

1

which it served in September 2021, confirm that *Facebook LIVE* is the only accused product in this case, and accordingly *Meta produced documents relating to this sole accused product*.") (emphases added). Therefore, Meta's Motion is nothing more than an attempt to justify its continued violation of the OGP by wrongfully withholding technical documents sufficient to show the operation of all Accused Instrumentalities that should have been produced *last September*. Meta's flagrant violation and obstruction should not be rewarded.

Finally, VideoShare *has not* added Instagram, Inc. as a party to this case, as is evident from the docket and which Facebook also readily admits. Dkt. 56 at 2 n.1. Thus, none of Meta's alternative relief, such as significantly modifying the Scheduling Order or re-opening claim construction, is warranted here.[1] *See* Ex. 1 (Hr. Tr.) at 29:11-30:6 (stating additional relief may be granted *only if* VideoShare added new parties).[2]

## II. BACKGROUND

On March 15, 2021, VideoShare filed its Original Complaint identifying the Accused Instrumentalities. Dkt. 1 at 7, ¶ 28 ("Facebook Live, Facebook Watch, Instagram, and Facebook's video streaming service."). Thereafter, on June 3, 2021, VideoShare filed its First Amended Complaint, but the Accused Instrumentalities remained unchanged. *See* Dkt. 20 at 7-8, ¶ 28 (accusing "Facebook Live, Facebook Watch, and Instagram, …. as well as Facebook's standard video upload and streaming offerings").

On July 7, 2021, VideoShare served its PICs, which identified the same Accused Instrumentalities, and included a detailed claim chart that demonstrated how those Accused

---

[1] As discussed herein, Meta produced source code for all Accused Instrumentalities, *including Instagram*, which belies its attempt to pretend it is surprised that Instagram is an Accused Instrumentality in this case.
[2] All numbered exhibits referenced herein are attached to the Declaration of Halima Shukri Ndai ("Ndai Decl.").

2

Instrumentalities practiced the asserted claims. Dkt. 56-2; Dkt. 56-3. Nothing in VideoShare's original PICs limited the claim chart to Facebook Live, and VideoShare's belief (later confirmed) was that all Accused Instrumentalities used the same video infrastructure and therefore infringed in the same way.[3] Dkt. 56-2 at 2 ("Attached hereto as Exhibit A, and incorporated by reference herein, is a claim chart identifying where each element of the asserted claims of the '341 Patent is found in the Accused Instrumentality."); *see also id*. at 1 (referring to "Facebook Live, Facebook Watch, and Instagram, …. as well as Facebook's standard video upload and streaming offerings" collectively as Accused Instrumentality).

On September 1, 2021, Meta produced some technical documents related to one Accused Instrumentality, Facebook Live. Dkt. 56 at 2. On January 11, 2022, shortly after discovery opened, VideoShare noticed the deposition of Facebook's software engineer Paul Dapolito IV, which eventually took place on February 15, 2022. *See* Exs. 2 & 3. Mr. Dapolito's testimony confirmed that Meta uses ***the same video infrastructure*** for all Accused Instrumentalities, including Facebook and Instagram. Ex. 4 at 24:15-25:9, 106:16-19. Based on this testimony, along with materials produced in this case after July 2021 or recently discovered, VideoShare supplemented its infringement contentions on February 23, 2022, in full compliance with the Court's OGP.

---

[3] VideoShare's original PICs were based on limited publicly available information about the infringing operation of Facebook's video infrastructure. In this regard, the PICs were no different from the common situation where a party charts how an exemplary product is made using an infringing method. For example, if a party accuses a printing company of practicing an infringing method involving a printing press, and the same company prints the New York Times and the Washington Post, it would be entirely reasonable to accuse the company of infringement by printing both publications, providing a preliminary chart with publicly-available evidence showing how the New York Times is printed, and then later provide evidence confirming that the Washington Post was printed in the same way. The same is true here—VideoShare has confirmed that Meta uses the same video infrastructure to publish videos on Facebook and Instagram.

Dkt. 56-5; Dkt. 56-6 (filed under seal); *see also* Dkt. 56-5 at 1 n.1 (providing the necessary certification).

From March 14 to March 18, 2022, VideoShare reviewed the *entirety* of Meta's source code repository for all Accused Instrumentalities, spanning more than 2.6 million files. Ndai Decl., ¶ 2. Although this massive volume of code *included code for Instagram*, Meta inexplicably persists in its refusal to produce technical documents and other materials related to that Accused Instrumentality.

### III.  ARGUMENT

**A.**   **VideoShare's Supplemental Contentions Comply with the Court's OGP.**

In this Court, parties may amend preliminary contentions "*without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served* and should do so seasonably upon identifying any such material." OGP v. 3.5.1 at 8 n.6. (emphasis added). However, "[a]ny amendment to add claims requires leave of court so that the Court can address any scheduling issues." *Id.*

Here, no new claims or parties were added. No new products were added either. It is undisputed that VideoShare served its original PICs on July 7, 2019, *before any discovery in this case*. Dkt. 36. It is also undisputed that those PICs expressly identified Facebook Live, Facebook Watch, and *Instagram*, as well as Meta's standard video offerings. If Meta had truly believed that VideoShare's PICs were deficient, it should have moved to strike them or requested that VideoShare supplement them.  Meta did neither.

Since then, Meta has produced some technical documents, even if limited to Facebook Live, and VideoShare has continued to diligently investigate its claims (e.g., by evaluating publicly available information related to the Accused Instrumentalities and seeking early discovery,

4

including deposing Meta's software engineer prior to receipt of Meta's written discovery responses). On February 23, 2022, armed with newly gained information and the testimony of Meta's engineer, VideoShare served its supplemental PICs, along with the required certification, i.e., VideoShare undertook reasonable efforts to prepare its original PICs and that the amendments in the supplement were based on material identified after the original PICs were served. Dkt. 56-5; Dkt. 56-6 (filed under seal). VideoShare, therefore, fully complied with the OGP in amending its PICs.

Because neither the local patent rules of the Eastern District of Texas ("EDTX") nor those of the Northern District of California ("NDCA") govern this case, Meta's reliance on those rules or those courts' analyses is wholly misplaced. For example, the EDTX rules *only* allow amendment of infringement contentions without leave of court if the court's claim construction order so requires and only within 30 days of such an order. *See* EDTX P.R. 3-6(a)(1). All other amendments expressly require leave of court. *Id*. ("Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the [c]ourt, which shall be entered only upon a showing of good cause."); *see also* NDCA P.R. 3-6 ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."). Based on the plain language of the OGP, that is not the case here.

Despite Meta's arguments, nothing in the OGP prohibits supplementation of infringement contentions based on newly discovered or identified information, public or otherwise. Indeed, the operation of Instagram is a "black box," and VideoShare was forced to search for public information related to Instagram because Meta produced no such information despite being required to do so by the OGP. So, if any party has been prejudiced in this case, it is VideoShare,

not Meta. In addition to having to defend its efforts to present its infringement theory in the face of Meta's obstruction, VideoShare also completed claim construction proceedings and reviewed the entirety of Meta's source code (spanning over 2.6 million files, within a huge directory too voluminous to produce (Ex. 5)), without the benefit of having Meta's core technical documents for Instagram (both Live and video on demand) or for Facebook's other video on demand offerings, which Meta continues to ignore. Moreover, if Meta truly believed that Instagram was not an Accused Instrumentality, it begs the obvious question: Why, then, did Meta produce Instagram's source code? Despite its efforts to pretend otherwise, this shows that Meta has known of Instagram's accused status from the outset of this case. Thus, even assuming Meta's good cause analysis is correct, this factor weighs strongly against striking VideoShare's contentions.

VideoShare was also diligent. The deposition of Meta's engineer took place on February 15, 2022, even though VideoShare served its deposition notice on January 11, 2022 (shortly after discovery opened) and requested that the deposition occur by *no later than* January 25, 2022. During that deposition, Mr. Dapolito confirmed VideoShare's belief that Instagram operates in substantially the same way, and uses the same video infrastructure, as Meta's other accused products. Despite Meta's delays, and using the knowledge gained from that deposition, VideoShare served its supplemental PICs shortly after that deposition, on February 23, 2022.

**B. Neither a Stay nor Modification of the Scheduling Order is Warranted.**

Meta's claim that it will suffer prejudice as a result of having to produce materials related to Instagram is meritless. First, contrary to the Court's OGP, Meta chose to present its "motion to stay" as a discovery dispute. As such, the alternative relief requested in the Motion is an improper attempt to bolster an entirely separate and fully-argued dispute.

Second, VideoShare *has not* added any parties to this litigation. Although Meta tries to conflate issues, i.e., Instagram as a party v. Instagram as an Accused Instrumentality, the record is

6

clear. At the February 18, 2022, discovery hearing, the Court granted VideoShare's Motion to Amend Deadline to Add Parties (Dkt. 44) but informed the parties that should VideoShare add Instagram "or whomever," then Meta was welcome to seek "some relief" from the Court. *See* Ex. 1 at 28:22-30:6. Instagram, as a product, has been accused since this lawsuit was filed, and because VideoShare never added Instagram as a ***party*** (or anyone else for that matter), Meta's request should be denied.

Third, Meta's insistence that it needs more time to respond to Instagram-related discovery and that claim construction will need to be re-opened is belied by the following facts: (1) Instagram (as a ***product***) has been an Accused Instrumentality in this case since March 15, 2021; (2) Meta's own engineer confirmed Instagram functions in the ***same way*** as the other accused Facebook products; and (3) Meta has already produced all of the source code for Instagram. In light of these facts, Meta cannot reasonably contend that it is somehow surprised to learn that Instagram is an Accused Instrumentality or that it will be prejudiced by having to produce additional materials relating to that product. Moreover, Meta's argument that claim construction should be reopened when Instagram functions in the same manner as other accused products defies common sense. As the Court has correctly recognized in other cases, claim construction is based on the claim language and the intrinsic evidence, and not on the parties' infringement or invalidity contentions. *See, e.g.*, *WSOU Investments, LLC v. Dell Technologies, Inc., et al*, 6-20-cv-473-ADA, Dkt. 69 (Hr. Tr. 31:23-25) ("[A]s a legal matter, the legal contentions are not part -- infringement contentions, invalidity contentions are not part of the *Markman* process.").

Finally, *Epistar Corp. v. Lowe's Cos. Inc.,* 6:20-cv-00420-ADA, Dkt. 67 (Aug. 4, 2021) is inapposite. In *Epistar*, the deadline to serve Final Infringement Contentions ("FICs") had lapsed. *Id*. at 1. Pursuant to the OGP, after the FICs deadline, "***leave of Court is required for any***

7

*amendment* to infringement or invalidity contentions." OGP v. 3.5.1 at 9 (emphasis added). That is not the case here. VideoShare's FICs are currently due on April 29, 2022. Dkt. 55. Further, unlike in *Epistar,* Instagram was specifically identified as an Accused Instrumentality in VideoShare's complaint, PICs, and supplemental PICs. *See* Dkt. 1 at 7, ¶ 28; Dkt. 20 at 7-8, ¶ 28. VideoShare's ability to prepare FICs by the Court's current deadline has been severely hampered by Meta's refusal to produce technical documents related to Instagram and accused products other than Facebook Live.

## IV.  CONCLUSION

The Court should deny Meta's Motion because (1) Meta violated the OGP by withholding (and continuing to do so by its own admission) technical documents related to Instagram, (2) Instagram has been an Accused Instrumentality from the outset of this case, and (3) VideoShare has not added Instagram as party to this case.

Dated: April 8, 2022                              Respectfully submitted,

By: */s/ William D. Ellerman* _____
    Michael W. Shore (Texas 18294915)
    Alfonso G. Chan (Texas 24012408)
    William D. Ellerman (Texas 24007151)
    Ari Rafilson (Texas 24060456)
    Halima Shukri Ndai (Texas 24105486)
    SHORE CHAN LLP
    901 Main Street, Suite 3300
    Dallas, Texas 75202
    Tel: (214) 593-9110
    Fax: (214) 593-9111
    mshore@shorechan.com
    achan@shorechan.com
    wellerman@shorechan.com
    arafilson@shorechan.com
    hndai@shorechan.com

>Mark D. Siegmund (Texas 24117055)
>STECKLER, WAYNE, CHERRY & LOVE PLLC
>8416 Old McGregor Road
>Waco, Texas 76712
>Tel: (254) 651-3690
>Fax: (254) 651-3689
>mark@swclaw.com
>
>Charles L. Ainsworth (Texas 00783521)
>Robert C. Bunt (Texas 00787165)
>PARKER, BUNT & AINSWORTH P.C.
>100 E. Ferguson Suite 418
>Tyler, Texas 75702
>Tel: (903) 531-3535
>charley@pbatyler.com
>rcbunt@pbatyler.com
>
>**COUNSEL FOR PLAINTIFF**
>**VIDEOSHARE, LLC.**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 8, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

>*/s/ William D. Ellerman*
>William D. Ellerman