IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VIDEOSHARE, LLC**, | § |
| | § |
| *Plaintiff*, | § |
| | §  Civil Action No.: 6:21-cv-00254-ADA |
| v. | § |
| | §  **JURY TRIAL DEMANDED** |
| **META PLATFORMS, INC.**, | § |
| | § |
| *Defendant*. | § |

### DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Meta Platforms, Inc. ("Defendant" or "Meta") hereby files its answer to Plaintiff VideoShare, LLC's ("Plaintiff" or "VideoShare") Second Amended Complaint for Patent Infringement (Dkt. No. 70, "Second Amended Complaint") as follows. Each of the paragraphs below corresponds to the same numbered paragraph in the Second Amended Complaint. In responding to the Second Amended Complaint, Defendant has kept Plaintiff's headings for ease of reference, but in doing so, Defendant is not admitting to the accuracy of any statements made or agreeing with any characterizations made in such headings. Defendant denies all allegations in the Second Amended Complaint, whether express or implied, that are not specifically admitted below. Defendant further denies that Plaintiff is entitled to the relief requested in the Second Amended Complaint, or to any other relief.

### I. PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore denies them.

2.  Defendant admits that it is a company organized under the laws of Delaware with a physical address at 300 West 6th Street, Austin, Texas 78701 and a principal place of business at 1601 Willow Road, Menlo Park, California 94025.

## II.  JURISDICTION

3.  The allegations in this Paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant admits that this is a civil action for infringement under the patent laws of the United States of America, 35 U.SC. § 1 et seq. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 3.

4.  The allegations in this Paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant does not contest personal jurisdiction for purposes of this action. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 4.

5.  Defendant denies the allegations in Paragraph 5.

6.  Defendant denies the allegations in Paragraph 6.

## III.  VENUE

7.  Defendant denies the allegations in Paragraph 7.

8.  Defendant admits that it has offices in various locations in the United States, including at the location identified in Paragraph 8. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 8.

## IV.  THE PATENT-IN-SUIT

9.  Defendant admits that U.S. Patent No. 10,362,341 ("the '341 Patent") is entitled

"Systems and methods for sharing video with advertisements over a network" and states on its face that it issued on July 23, 2019. Defendant admits that what purports to be a copy of the '341 Patent was attached as Exhibit A to the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis, denies them.

10. Defendant admits that the '341 Patent states on its face that it was filed on January 23, 2019 and purports to claim priority to U.S. Provisional Application No. 60/147,029, filed on August 3, 1999. Defendant admits that the '341 Patent purports to be a continuation of U.S. Patent Application No. 15/618,304, filed on June 9, 2017 and now U.S. Patent No. 10,225,584, which purports to be a continuation of U.S. Patent Application No. 15/094,411, filed on April 8, 2016, which purports to be a continuation of U.S. Patent Application No. 14/597,491, filed on January 15, 2015, which purports to be a continuation of U.S. Patent Application No. 13/909,876, filed on June 4, 2013 and now U.S. Patent No. 8,966,522, which purports to be a continuation of U.S. Patent Application No. 09/631,583, filed on August 3, 2000 and now U.S. Patent No. 8,464,302, which purports to be a continuation-in-part of U.S. Patent Application No. 09/497,587, filed on February 3, 2000, which purports to claim priority to Provisional Patent Application No. 60/147,029. Defendant denies that the priority date for the '341 Patent is August 3, 1999. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 10.

11. Defendant denies that the '341 Patent is valid and enforceable.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis, denies them.

13. Defendant denies that it needs a license to the '341 Patent, and on that basis, denies the allegations in Paragraph 13.

**A. Background of the '341 Patent.**

14. Defendant admits that Gad Liwerant, Christopher Dodge, and Guillaume Boissiere are listed as the inventors on the face of the '341 Patent. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis, denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis, denies them.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. The provisional application speaks for itself. Defendant denies the remaining allegations in Paragraph 21.

**B. The '341 Patent Claims Are Directed to Improved Functionality of Streaming Server Systems Enabling Them to More Effectively Service a Large Number of Clients.**

22. Defendant denies the allegations in Paragraph 22.

23. Defendant admits that Claim 1 of the '341 Patent purports to be reproduced in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

### V.   INFRINGEMENT OF THE '341 PATENT

28. Defendant denies that it has committed any acts of patent infringement and further denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36

37. Defendant denies the allegations in Paragraph 37

38. Defendant denies the allegations in Paragraph 38

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies that it has committed any acts of patent infringement and further denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies that it has committed any acts of patent infringement and further denies the allegations in Paragraph 44.

45. To the extent a response is deemed to be required, Defendant denies that it has committed any acts of patent infringement and further denies the allegations of Paragraph 45.

## VI. JURY DEMAND

46. Plaintiff's demand for a trial by jury does not require a response by Defendant.

## VII. RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

47. Defendant incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Defendant denies any and all allegations of patent infringement alleged in the Second Amended Complaint. Defendant denies all allegations that Plaintiff is entitled to any relief requested in the Second Amended Complaint's Prayer for Relief, or any other relief. Further, Defendant denies that it "continues to directly infringe the '341 Patent" as asserted, because the patent has expired.

## VIII. AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Defendant asserts the following defenses to the Second Amended Complaint and reserves its right to assert additional defenses.

### A. First Affirmative Defense – Failure to State a Claim

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### B. Second Affirmative Defense – Non-Infringement

Defendant does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '341 Patent.

### C.  Third Affirmative Defense – Invalidity

Any asserted claims of the '341 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

### D.  Fourth Defense – Equitable Defenses

Plaintiff's claims are barred, in whole or in part, by estoppel, acquiescence, prosecution laches, waiver, unclean hands, and/or other equitable defenses.

For example, in 2019, during prosecution of the '341 Patent, the applicant filed a terminal disclaimer in its application for the '341 Patent over several other patents, including U.S. Patent No. 8,464,302 (the "'302 Patent") and U.S. Patent. No. 8,438,608 (the "'608 Patent"). The applicant's terminal disclaimer stated that the term of the '341 Patent would not extend beyond the terms of the '302 and '608 Patents. When the applicant filed its terminal disclaimer, the terms of the '302 and '608 Patents had already ended. Specifically, the terms of the '302 and '608 Patents ended as of August 16, 2017, when the Federal Circuit affirmed a district court judgment finding both patents invalid. *VideoShare, LLC v. Google, Inc.,* 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd,* 695 Fed. Appx. 577 (Fed. Cir. 2017). That finding marked the end of the terms of both the '302 and '608 Patents, as well as the term of the '341 Patent (which had not yet issued) due to the filing the terminal disclaimer. Therefore, Plaintiff's claims are barred due to at least the filing of the terminal disclaimer.

### E.  Fifth Defense – Limitation on Damages

Plaintiff is barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. §§ 286, 287, and/or 288.

### F. Sixth Defense – Express License, Implied License, Patent Exhaustion and/or the Single Recovery Rule

Plaintiff's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, and/or the single recovery rule.

### G. Seventh Defense – Patent Misuse

Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse.

### H. Eighth Defense – Lack of Standing

Plaintiff lacks standing to assert the claims in the Complaint and its claims are thus barred because it does not own the '341 Patent and lacks the capacity to sue in this Court.

### I. Ninth Defense – Prosecution History Estoppel

Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the claims of the '341 Patent in such a way as to cover any accused products by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '341 Patent.

### J. Tenth Defense – Not an Exceptional Case Entitling Plaintiff to Relief

If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### K. Eleventh Defense – Patent Unenforceability (Unclean Hands)

The claims of the '341 Patent are unenforceable, in whole or in part, due to unclean hands.

All claims of the Patent-in-Suit are also unenforceable due to inequitable conduct. In 2013, Plaintiff asserted U.S. Patent Nos. 8,464,302 (the "'302 Patent") and U.S. Patent No. 8,438,608 (the "'608 Patent") against Defendants in *VideoShare I*. That case terminated when,

on August 2, 2016, the district court issued an order finding that the '302 Patent and the '608 Patent are invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter. *VideoShare, LLC v. Google, Inc.*, 2016 WL 4137524 (D. Del. Aug. 2, 2016) ("*VideoShare I*"). The Federal Circuit affirmed that order in 2017. *VideoShare, LLC v. Google Inc.*, 695 F. App'x 577 (Fed. Cir. 2017) ("*VideoShare II*"). The claims of the '302 and '608 Patents have thus each been finally adjudicated as invalid.

On January 23, 2019, after the claims of the '302 and '608 Patents were finally adjudicated as invalid, VideoShare filed the patent application that would later issue as the '341 Patent. The '341 Patent is a continuation of the '302 Patent, sharing an identical specification except for the '341 Patent's more extensive listing of related patent applications. The patents have the same title and identify the same three named inventors: Gad Liwerant, Christopher Dodge, and Guillaume Boissiere.

Applicant VideoShare and Applicant's representatives had a duty to disclose material information to the Patent Office during the prosecution of the '341 Patent. Each individual associated with the prosecution of a patent application has a duty of candor to the Patent Office. *See, e.g.,* 37 C.F.R. §1.56. Here, such individuals include at least VideoShare's founder and President Gad Liwerant (also a named inventor on the patent) and VideoShare's prosecuting attorney, Charlies F. Wieland III. None of these individuals fulfilled their obligations and complied with the duty to disclose material information to the Patent Office. Specifically, these individuals failed to disclose material information relating to the final rulings that the '302 and '608 Patents are invalid as not directed to patent eligible subject matter.

Neither the district court order nor the Federal Circuit's order determining the invalidity of the '302 Patent and the '608 Patent (collectively, the "Invalidity Orders") were disclosed

during the prosecution of the '341 Patent. On January 23, 2019, Applicant VideoShare, through its attorney Mr. Wieland, filed a 37-page Information Disclosure Statement listing hundreds of documents. *See* '341 Patent File History, Information Disclosure Statement (submitted Jan. 23, 2019). The Information Disclosure Statement identified hundreds of documents that were exchanged and at issue in *VideoShare I*, including several court orders, but the Invalidity Orders were not included. The invalidity orders were known to Mr. Weiland available to him when he submitted the IDS. Additionally, the Invalidity Orders were heavily litigated in the prior *Videoshare* matters, in which Mr. Liwerant was an active participant.

The Invalidity Orders were, and remain, material to the patentability of the '341 Patent because, but-for their omission from the information submitted to the Patent Office, the '341 Patent would not have issued. On April 4, 2019, the examiner issued a rejection of all claims for nonstatutory double patenting, finding that all claims (1–7) of the '341 Patent were not patentably distinct from claims 1–17 of the '302 Patent and claims 1–23 of the '608 Patent. '341 Patent File History, Non-final Rejection (mailed April 4, 2019). VideoShare did not dispute the examiner's conclusions. On April 23, 2019, VideoShare, through its attorney Adam Banes (an attorney at the same firm as Mr. Wieland), filed a terminal disclaimer in response to the double patenting rejection, disclaiming the terminal part of the statutory term of the '341 Patent that would extend beyond the full statutory term of the '302 Patent and '608 Patent. '341 Patent File History, Amendment and Reply (submitted April 23, 2019). Shortly thereafter, on May 10, 2019, the examiner allowed the claims to issue in view of the terminal disclaimer. '341 Patent File History, Notice of Allowance (mailed May 10, 2019).

If the patent examiner had known that a district court had determined, and the Federal Circuit had affirmed, that the '608 and '341 Patents were invalid, then the examiner would not

have permitted the claims of the '341 Patent to issue. Because the examiner had found the '341 Patent claims to be patentably indistinct from those invalid claims, the examiner would have found that the patentably indistinct claims are also invalid for the same reasons that were finally adjudicated by the Court. Instead, the '341 Patent issued on July 23, 2019. The Invalidity Orders were not cumulative of the information already in the prosecution history of the '341 Patent because the file history did not otherwise disclose that the '302 Patent and '608 Patent were judicially determined to be invalid at both the district court and the Federal Circuit. Indeed, this information was omitted from the litigation material submitted by the applicant and the prosecuting attorney.

VideoShare and its attorneys knew of the Invalidity Orders and knew they were material. Mr. Liwerant knew of the Invalidity Orders, as evidenced by his involvement in the *VideoShare* litigations. For example, Mr. Liwerant was designated to testify on behalf of VideoShare as its corporate representative in *VideoShare I*. VideoShare's attorneys, including Mr. Wieland, were also aware of the Invalidity Orders. Mr. Wieland was lead counsel for VideoShare in a covered business method review of the '302 Patent before the Patent Trial and Appeal Board, and received, on multiple occasions, formal notice of the district court's order that the '302 Patent and '608 Patent were invalid. Specifically, the district court's order finding those patents invalid was attached as an exhibit to a CBM filing by Google, which was served on Mr. Wieland on August 15, 2016. *See* CBM2016-00074, Paper 6, 7 & Ex. 1032. Moreover, the CBM petitions were terminated, at Google's request, on August 17, 2016, because of the court's invalidity determinations. *See* CBM2016-00074, Paper 8. As lead counsel for patent owner in the CBM, Mr. Wieland was specifically served with the Google filing attaching the district court's order and termination decision. *See* CBM2016-00074, Paper 6, 7, 8. Additionally, Mr. Liwerant was

aware of the CBM proceedings, at least because he signed the power of attorney document authorizing Mr. Wieland to act on Videoshare's behalf. *See* CBM2016-00074, Paper 4. The *VideoShare I* matter appears on the same docket as multiple other litigation documents that VideoShare disclosed in the January 23, 2019 Information Disclosure Statement.

VideoShare submitted hundreds of litigation documents in the Information Disclosure Statement, demonstrating that VideoShare's representatives, including at least Mr. Wieland and Mr. Liwerant, knew that material from the *Videoshare* litigations were material to patentability. Additionally, on April 23, 2019, in response to the patent examiner's April 4, 2019 non-final Office Action, VideoShare filed an Amendment and Reply that stated:

> "Applicant wishes to thank Examiner Salterelli for the indication of allowable subject matter . . . As stated in the parent application, this continuation application was filed in part to avoid the basis of a finding of invalidity under 35 U.S.C. § 101 of U.S. Patent No. 8,454,302 which issued from priority Application No. 09/631,583 in VideoShare, LLC v. Google Inc. et al., 1:13-cv-00990-GMS, D. Del., June 4, 2013. ***Applicant acknowledges with appreciation the Examiner considering the court documents from the litigation*** and references cited therein that were submitted on January 23, 2019."

'341 Patent File History, Amendment and Reply (submitted April 23, 2019). By making this statement, VideoShare acknowledges that court documents from the *VideoShare I* litigation should have been considered by the examiner, and thus, that they are material to patentability. However, there is no evidence in the file history that this self-serving statement made by the applicant is accurate. The examiner did not actually cite or apply any of the submitted references from the *VideoShare I* litigation in his analysis. And even if the Examiner had, the submitted material excluded the Invalidity Orders in any event.

The single most reasonable inference to be drawn from the failure to disclose the Invalidity Orders is that Applicant VideoShare and VideoShare's representatives, including at least Mr. Liwerant and Mr. Wieland, deliberately chose to withhold the Invalidity Orders from

the mass of other litigation documents that they submitted in the prosecution of the '341 Patent with the specific intent to deceive the Patent Office to issue the '341 Patent. Each of Messrs. Liwerant and Wieland were active participants in prior matters where the Invalidity Orders and related issues were at play. Each of Messrs. Liwerant and Wieland owed a duty of candor to the Patent Office during the prosecution of the '341 patent. This duty of candor required that they disclose noncumulative information material to the patentability of the '341 patent. Each of Messrs. Liwerant and Wieland caused litigation material to be submitted to the Patent Office in an information disclosure statement. This litigation material was specifically called to the attention of the examiner during prosecution, including, for example, in the April 23, 2019, Office Action Response. Each of Messrs. Liwerant and Wieland knew that the litigation material submitted was not complete and did not include the Invalidity Orders. Each of Messrs. Liwerant and Wieland failed to correct this omission by including or later submitting the Invalidity Orders. Each of Messrs. Liwerant and Wieland knew that, on April 4, 2019, the examiner had determined that the '341 claims were not patentably distinct from the '302 and '608 claims. Each of Messrs. Liwerant and Wieland knew that the '302 and '608 claims were finally determined to be invalid. The single most reasonable inference to draw from these facts is that Applicant VideoShare and VideoShare's representatives made a deliberate decision to withhold this information from the examiner, despite ample opportunity to include the information or otherwise correct the record.

### L.  Twelfth Defense – Ensnarement of Prior Art

Plaintiff's claims for relief are barred under the ensnarement doctrine, which bars Plaintiff from asserting an infringement theory that encompasses or ensnares the prior art.

### M. Thirteenth Defense – Dedication to the Public

Plaintiff's claims for relief are barred under the disclosure-dedication doctrine, because Plaintiff has dedicated to the public all methods, systems, and products disclosed in the '341 Patent but not literally claimed therein.

### N. Fourteenth Defense – Issue Preclusion

Plaintiff's claims for relief are barred in whole or in part by the doctrine of issue preclusion, or collateral estoppel, based on issues adjudicated in *VideoShare, LLC v. Google, Inc.*, 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd*, 695 Fed. Appx. 577 (Fed. Cir. 2017).

### O. Fifteenth Defense – Judicial Estoppel

Plaintiff's claims for relief are barred, in whole or in part, based on judicial estoppel. The asserted claims of the '341 Patent are invalid or unenforceable, and Defendant has not infringed the asserted claims of the '341 Patent at least because statements, representations, admissions, elections, positions, concessions, and filings made by Plaintiffs in prior judicial and/or administrative proceedings. *See e.g.*, '341 Patent Prosecution History; VS0000001-222; *VideoShare, LLC v. Google, Inc.*, No. 6:19-cv-00663-ADA, Dkt. 74 (W.D. Tex. filed Feb. 8, 2021) (Google, Inc.'s Motion to Dismiss Based on Terminal Disclaimer); *VideoShare, LLC v. Google, Inc.*, No. 6:19-cv-00663-ADA, (W.D. Tex. filed Aug. 25, 2021) (Google, Inc.'s Motions for Summary Judgment); *see also VideoShare, LLC v. Google, Inc.*, 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd*, 695 Fed. Appx. 577 (Fed. Cir. 2017).

## IX.   RESERVATION OF RIGHTS

Defendant hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and

any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

## X.   REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment:

A.   In favor of Defendant, and against Plaintiff, dismissing the Second Amended Complaint with prejudice, with Plaintiff taking nothing by the way of its claims;

B.   That Defendant has not infringed any valid claim of the '341 Patent under any subsection of 35 U.S.C. § 271;

C.   That all asserted claims of the '341 Patent are invalid and/or unenforceable;

D.   That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Plaintiff to pay Defendant's reasonable attorneys' fees incurred in this action;

E.   That Plaintiff pay all costs incurred by Defendant in this action; and

F.   Awarding Defendant all other relief that the Court deems just and proper.

## XI.   DEMAND FOR JURY TRIAL

Defendant respectfully requests a trial by jury on all issues so triable.

DATED: July 5, 2022            Respectfully submitted,

/s/ *Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & McCONNICO, LLP 303
Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
Email: pamstutz@scottdoug.com

KILPATRICK TOWNSEND & STOCKTON LLP
MANSI H. SHAH (*pro hac vice*)
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:   (650) 326-2422
Email: MHShah@kilpatricktownsend.com

VAIBHAV P. KADABA (*pro hac vice*)
RICHARD W. GOLDSTUCKER (*pro hac vice*)
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555
Email: wkadaba@kilpatricktownsend.com
Email: rgoldstucker@kilpatricktownsend.com

KASEY E. KOBALLA (*pro hac vice*)
4208 Six Forks Road
Raleigh, NC 27609
Telephone:  (919) 420-1700
Facsimile:   (919) 420-1800
Email: kkoballa@kilpatricktownsend.com

EDWARD J. MAYLE (*pro hac vice)*
1400 Wewatta Street, Ste. 600
Denver, CO 80202
Telephone:  (303) 571-4000
Facsimile:   (303) 571-4321
Email:  tmayle@kilpatricktownsend.com

*Attorneys for Defendant Meta Platforms, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was served on counsel for Plaintiff VideoShare, LLC via electronic delivery on July 5, 2022.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz