IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VIDEOSHARE, LLC,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil No. 6-21-CV-00254-ADA |
| META PLATFORMS INC.,<br>*Defendant.* | §<br>§<br>§<br>§ | |

### MEMORANDUM OPINION AND ORDER ON MOTION TO STAY

Defendant Meta, Inc. ("Meta" or "Defendant") moved to stay this case when it submitted a discovery dispute to the Court by email. On February 18, 2022, the Court heard oral arguments on the motion to stay. ECF No. 60. After careful consideration of the parties' arguments and the applicable law, the Court **DENIES** Meta's Motion to Stay.

### I. BACKGROUND

Plaintiff Videoshare LLC ("Videoshare" or "Plaintiff") filed this action on March 12, 2021, against Meta alleging infringement of U.S. Patent No. 10,362,341 (the "341 patent"). On October 28, 2021, Meta petitioned the United States Patent Trials and Appeals Board ("PTAB") for *ex parte* reexamination of all asserted claims of the '341 patent. On January 20, 2022, the U.S. Patent Office instituted *ex parte* reexamination. Shortly afterwards, Meta filed this Motion to Stay on February 16, 2022.

The Court conducted a *Markman* hearing for this case on January 7, 2022, during which the Court provided the final constructions of the disputed claim terms. Fact discovery opened on January 7, 2022 and will close on November 15, 2022. ECF No. 68. This case is scheduled for jury trial beginning on May 15, 2023. *Id.*

1

### A.     Joint Dispute Chart Detailing Parties' Positions for Motion to Stay

VideoShare and Meta submitted their dispute chart to the Court by email. The full text of their "Joint Dispute Chart" is included below.

**Defendant's Position**: The PTO recently ordered reexamination of all claims of asserted Pat. No. 10,362,341, citing "substantial new questions of patentability" on three separate grounds. Ex. 1 at 8–10. Staying this action pending reexamination would conserve scarce resources while causing no undue prejudice to Plaintiff.

**First**, a stay would not unduly prejudice Plaintiff. The '341 patent expired on February 3, 2020, after a life of only six months. Thus, the only remedy at issue is damages. A mere delay in collecting damages "does not constitute undue prejudice." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 15, 2015). Moreover, the median pendency of a reexamination, from filing date of the request (here, October 28, 2021) to final disposition, is just 19.4 months. Ex. 2 at 2. Thus, there is a strong possibility that the reexamination will be completed before any final resolution here. And, unlike in IPR, Meta cannot appeal the PTO's decision if any claim survives reexamination. 35 U.S.C. § 306. Finally, Plaintiff's conduct demonstrates that it does not need an urgent resolution of this case, as it delayed filing suit until March 12, 2021—over a year *after* the '341 patent had expired. The unusually small damages window, coupled with Plaintiff's delay in attempting to enforce its patent rights, show that any "prejudice" to Plaintiff during a stay would be minimal. Finally, the risk of loss of evidence during a stay of such limited duration is low.

**Second**, the parties have only begun fact discovery. There is far more work ahead (*e.g.*, expert discovery, dispositive motions, trial) than behind.

**Third**, the prospect that the reexamination will result in simplification or wholesale resolution of issues strongly favors a stay. As mentioned above, the PTO ordered reexamination of *all* claims, finding "substantial new questions of patentability" on *multiple* grounds. Ex. 1 at 8–10. And because the '341 patent is expired, Plaintiff cannot amend its claims to avoid the prior art—making cancellation of the claims more likely. *Kirsch Research and Development, LLC v. Tarco Specialty Products, Inc*., No. 6:20-CV-00318-ADA, ECF No. 62 at *6 (W.D. Tex. Oct. 4, 2021) (staying case where "there is a good chance" the patent would be invalidated "rendering continued litigation of this case wasteful"). And even if any claim survives reexamination, certain validity issues will be simplified. Finally, during a stay, Google's likely appeal from a forthcoming judgment in Case No. 6:19-CV-00663 may also simplify or resolve issues in this case. For example, the Federal Circuit could invalidate the '341 patent under § 101, as it did to patents related to—and not patentably distinct from—the '341 patent. *VideoShare, LLC v. Google, Inc*., No. 13-CV-00990 (GMS), 2016 WL 4137524, at *10 (D. Del. Aug. 2, 2016), *aff'd*, 695 F. App'x 577 (Fed. Cir. 2017).

**Defendant's Requested Relief**: Meta requests the Court grant a stay pending reexamination.

**Plaintiff's Position**: None of the relevant factors warrant a stay of this case.

**First**, a stay would unduly prejudice VideoShare by delaying enforcement of its patent rights. *See Blitzsafe Texas LLC v. Maserati North America Inc., et al.*, Case No. 2:19-CV-00378-JRG, Docket No. 285 at 4 (E.D. Tex. Feb. 16, 2021) ("Time is not an ally of prompt and fair adjudication of parties' rights given the always present risk of fading memories and witnesses who may become unexpectedly unavailable."). This holds true "even when the patent holder has only sought monetary relief." *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021).

**Second**, this case is far enough along that a stay would interfere with ongoing proceedings. The *Markman* hearing occurred on January 7, 2022, and trial is set for January 9, 2023—in less than 11 months. Discovery has been open for over a month and has progressed despite Facebook's delays, as detailed in VideoShare's motion regarding the deadline to add parties. ECF No. 44. Both parties served and responded to discovery requests, VideoShare deposed Facebook engineer Paul Dapolito on February 15, 2022, and Facebook has subpoenaed numerous third parties.

More importantly, it is virtually certain that the reexamination *will not* be completed before trial. Based on PTO statistics, the average reexamination takes **25.7 months**. *See* Ex. 2 at 2. And since Facebook filed its reexamination request on October 28, 2021, the estimated completion date would be approximately December 18, 2023—more than 11 months *after* trial.

**Third**, a stay will not simplify the issues before the Court. Whereas 92.2% of all requests for reexaminations are granted, Facebook's cited statistics show that only *13.1%* of reexaminations result in cancellation of all claims. Thus, Facebook's emphasis on alleged "substantial new questions of patentability" is meaningless. Further, any purported simplification is purely speculative. *See Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*, Case No. 2:19-CV-00225-JRG, ECF No. 205 at 2 (E.D. Tex. Nov. 23, 2020) (denying a stay even after the PTO issued Office Actions rejecting all challenged claims). The PTO has yet to issue a preliminary Office Action, let alone reject any of the asserted claims.

Facebook's reliance on the Court's opinion in *Kirsch Research and Development* is misplaced because in *Kirsch,* several IPRs were instituted, and the PTAB would issue a Final Written Decision in one of those IPRs *before* the case reached trial. *Id*. at 2, 6. Here, the PTO will not resolve the reexamination before trial, even based on Facebook's own cited statistics. And as the Court is aware, the PTO has already denied institution of an IPR regarding the '341 patent.

4

*Google Inc. v. VideoShare, LLC*, No. PTAB-IPR2020-01631, Paper No. 14 (PTAB Apr. 7, 2021). Finally, as Facebook admits, no appeal has been filed for Case No. 6:19-CV-00663. Thus, resolution of any "forthcoming" appeal during the stay is unlikely. *See* Ex. 3.

**Plaintiff's Requested Relief**: The Court should deny Facebook's request for a stay.

### B.     Exhibits attached to the Joint Dispute Chart

Exhibit 1: Order Granting Request for *Ex Parte* Reexamination, *Ex parte* Liwerant, No. 90/014,894 (USPTO Jan. 10, 2022) ("Joint Dispute Chart Ex. 1").

Exhibit 2: *Ex parte* Reexamination Filing Data, U.S Patent and Trademark Office, *Ex Parte* Reexamination Historical Statistics (Mar. 2021), https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf ("Joint Dispute Chart Ex. 2").

Exhibit 3: Median Disposition Time for Cases Decided by Merits Panels, U.S. Court of Appeals for the Fed. Circuit (Sept. 30, 2021), https://cafc.uscourts.gov/wp-content/uploads/reports-stats/disposition-time/06_Med_Disp_Time_MERITS_Line_Chart.pdf ("Joint Dispute Chart Ex. 3").

## II. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The court has discretion in deciding whether to stay a case in PTO proceedings, including *ex parte* reexaminations. *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-CV-00899, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try

infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-01058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing, *inter alia, Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-04206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). However, "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

"In determining whether a stay pending a PTO proceeding is proper, a district court will consider three factors: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *TC Tech. LLC*, 2021 WL 8083373 at *2 (quoting *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317, 2021 WL 4555610, at *1 (W.D. Tex. Oct. 4, 2021)). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

### III. ANALYSIS

#### A.    Undue Prejudice

The first factor this Court considers is whether the stay will unduly prejudice VideoShare. Meta asserts that VideoShare will not face undue prejudice because the only remedy at issue is the damages VideoShare may be entitled to. Joint Dispute Chart at 1. However, "[a] patent holder has an interest in the timely enforcement of its patent right," even when the patent holder has only

sought monetary relief. *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015) (citations omitted); *see also Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, No. 2:17-CV-00577-JRG, 2018 U.S. Dist. LEXIS 239587, at *6 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive.").

The scheduled date for jury trial is May 15, 2023. ECF No. 68. Because the average *ex parte* reexamination duration is 25.7 months, the USPTO is not projected to complete reexamination until December 2023. Joint Dispute Chart, *infra* Section I.A, at 4; Joint Dispute Chart Ex. 2, at 2. Staying proceedings until this time will significantly delay any relief VideoShare may be entitled to. *See Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, No. 2:17-CV-00577-JRG, 2018 U.S. Dist. LEXIS 239587, at *5–6 (E.D. Tex. Dec. 13, 2018). Meta also argues that VideoShare will not face undue prejudice caused by the stay because VideoShare delayed filing infringement claims until more than a year after the asserted patent had already expired. This delay, combined with Plaintiff seeking only monetary damages, leads the Court to give reduced weight to any undue prejudice suffered by Plaintiff. Therefore, the Court finds that staying the case would result in some but minimal undue prejudice to Plaintiff.

B.     **Stage of Proceedings**

The second factor this Court considers is whether these proceedings have reached an advanced stage. If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595–96 (2014) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1031–32 (C.D. Cal. 2013) ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings.")); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5–6

(D. Del. Jan. 11, 2013) ("[Once] the Court and the parties have already expended significant resources . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.").

The Court does not agree with Meta's contention that because there is "more work ahead . . . than behind," that this factor justifies staying the case. Joint Dispute Chart, *infra* Section I.A, at 2. When Meta moved to stay, the *Markman* hearing had already been held, discovery had been open for more than a month, and the parties began expending significant resources on fact discovery. *Id.* at 3–4; *see* ECF No. 68. Thus, the case is approximately midway through, which neither weighs for nor against a stay.

### C. Simplification of Issues

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *NFC Tech.*, 2015 WL 1069111 at *4. This reasoning similarly applies to *ex parte* reexaminations. *Id.* at *5 (citing *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985) ("When [a] patent is concurrently involved in litigation, an auxiliary function is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration")).

The trial date in this case has already slipped by more than four months. ECF No. 68 at 3. The current schedule places trial for this case on May 15, 2023. *Id.* When using the average *ex parte* reexamination duration of 25.7 months, the USPTO is not projected to complete reexamination until December of 2023. Joint Dispute Chart, *infra* Section I.A, at 4; Joint Dispute Chart Ex. 2, at 2. When using Meta's estimated June 2023 decision date for the *ex parte* reexamination, the USPTO will not issue its reexamination decision until about six months after trial. *See* Joint Dispute Chart Ex. 1 at 2; ECF No. 68 at 3. Either way, the USPTO will not complete

the reexamination until after trial has occurred, so the reexamination decision will not arrive in time to simplify any issues for trial.

Meta argues that because the PTO ordered reexamination of all claims of the asserted patent, finding "substantial new questions of patentability," and that there is considerable likelihood of this reexamination simplifying issues in the present case if the claims are invalidated. Joint Dispute Chart, *infra* Section I.A, at 2–3; Joint Dispute Chart Ex. 1 at 8–10. However, VideoShare correctly identifies several reasons not to expect these proceedings to simplify any issues. While Meta's *ex parte* reexamination includes prior art not previously considered by the USPTO, the asserted patent has already withstood an *inter partes* review request by Google in a previous case and withstood invalidity arguments during a jury trial against Google. *See* Joint Dispute Chart Ex. 1 at 6–8; *Google Inc. v. VideoShare, LLC*, No. PTAB-IPR2020-01631, Paper No. 14 (PTAB Apr. 7, 2021); *VideoShare, LLC v. Google Inc.*, Case No. 6:19-CV-00663-ADA (W.D. Tex. 2021). Reaching a final appellate decision in *VideoShare v. Google* will likely take at least a year and will not simplify the issues for trial in this case. Joint Dispute Chart Ex. 3. Further, any appeal in *VideoShare, v. Google* is speculative, and even if Google appeals, there is no guarantee that any issues will be simplified.

Some claims asserted in this litigation will likely survive reexamination. Because the asserted patent is expired, it cannot be amended; however, an expired patent may still be invalidated or found not invalid. 37 C.F.R. § 1.530(j). Reexamination results in non-invalidation of all claims in 20.9% of cases, results in invalidation of all claims in 13.1% of cases, and results in a patent surviving with some claims changed in 66.0% of cases. Joint Dispute Chart Ex. 2 at 2. Based on these statistics, at least one claim asserted in this litigation will likely survive *ex parte* reexamination. Meta has not shown that the PTAB will likely invalidate all asserted claims—only

9

that a substantial new question of validity was raised. *See Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00333-JRG-RSP, 2021 U.S. Dist. LEXIS 2434, at *7 (E.D. Tex. Jan. 7, 2021) (A defendant "must point to more than a successful petition to show that the Board is likely to invalidate every asserted claim.").

Additionally, the outcome of the *ex parte* reexamination will not bind Meta, so Meta can relitigate the same issues pending before the USPTO if it chooses. *Nidec Corp. v. LG Innotek Co., Ltd.*, 2009 WL 3673433, at *6 (E.D. Tex. Apr. 3, 2009) ("[T]he *ex parte* nature of the reexamination does not prevent Defendants from asserting the same issues of invalidity currently before the USPTO.") Moreover, Meta has not filed a *Sotera*-type stipulation not to relitigate the same issues in this case if any claims survive *ex parte* reexamination. Therefore, the Court finds that a stay will not simplify the issues in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that a stay is not appropriate in this case. Most importantly, the Court finds that a stay will not likely simplify the issues. No factor weighs in favor of a stay. Therefore, the Court **DENIES** Meta's Motion to Stay.

SIGNED this 12th day of July, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE