IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIDEOSHARE, LLC<br><br>    *Plaintiff*,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>    *Defendant*. | CIVIL ACTION NO.: 6:21-CV-00254-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL FACTS AND OPPOSED MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO STAY IN VIEW OF JULY 1, 2022 OFFICE ACTION REJECTING ALL CLAIMS ON ALL GROUNDS**

Defendant Meta Platforms, Inc. ("Meta") hereby respectfully requests reconsideration of the Court's Order denying its motion to stay this case in view of new facts that have occurred since the February 18, 2022 hearing on the motion to stay and immediately preceding entry of the Order on July 12, 2022. *See* Dkt. 72 ("Order"). On July 1, 2022, the Examiner issued an Office Action in the *ex parte* reexamination proceeding rejecting every patent claim on all raised grounds. The issuance of the Office Action rejection—combined with Meta's offer at the February 18, 2022 hearing that it would not raise the same prior art raised in the *ex parte* reexamination before this Court should the Court stay the case—shows that the reexamination proceeding will result in simplification of issues before the Court and a stay is warranted.[1]

---

[1] The Court gave "reduced weight to" the first factor (undue prejudice) and found that the second factor (stage of proceedings) "neither weighs for nor against a stay." Order, at 7-8. Thus, the Court's denial was premised on the third factor (simplification of issues). *Id.* at 10. The Office Action rejecting all claims, combined with Meta's prior stipulation not to rely on the re-exam prior art before this Court, shows that this third factor strongly favors a stay.

1

I.      **SUMMARY OF MATERIAL FACTS**

As set forth in the parties' dispute chart submitted to the Court on February 16, 2022 (*see* Exhibit A), the Patent and Trademark Office ordered reexamination of claims 1-7 of expired U.S. Patent No. 10,362,341 ("the '341 Patent")—all claims of the sole patent asserted in this matter—citing "substantial new questions of patentability" on three separate grounds involving five prior art references. *See* Exhibit 1 to Exhibit A, at 8-10. Meta requested a stay pending reexamination and the Court heard argument on the request on February 18, 2022.

During the February 18, 2022 hearing, Meta stated that, "as a condition of granting the stay that Meta is requesting, [Meta] would be willing and agree to not use any prior art raised in the re-exam as primary references at trial" and the Court took Meta's request "under advisement." *See* Exhibit B, at 19:20-23, 25:4-5. On July 12, 2022, the Court issued a Memorandum Opinion and Order denying Meta's motion to stay. Order, at 10.

On July 1, 2022, the Patent and Trademark Office issued an Office Action rejection in the *ex parte* reexamination—evidence which was not before the Court. *See* Exhibit C ("Office Action"). In the Office Action, the Examiner rejected all of the claims based on "a substantial new question of patentability" for claims 1-7 (all claims) of the '341 Patent, on **numerous, separate grounds for each claim**. *Id.* at 2. Specifically, the Examiner "found a substantial new question of patentability raised by the following references":

1.      EP 0961490 A2 to Chang et al. ("Chang")

2.      US. Patent No. 6,615,039 B1 to Eldering ("Eldering")

3.      US. Patent No. 6,505,255 B1 to Akatsu et al. ("Akatsu")

4.      PCT Intl. Pub. No. WO 1993/016557 to Kaz et al. ("Kaz")

5.      U.S. Patent No. 6,006,257 to Slezak ("Slezak").

*Id.* The examiner thus rejected *each* of the asserted claims based on a substantial new question of patentability on *each* of the three grounds raised by Meta . *See generally* Exhibit C. After receipt of the Office Action rejection on July 5, 2022, Meta was preparing to notify the Court of the newly developed and material facts then the Court issued the Order.

II. **STANDARD FOR MOTION FOR RECONSIDERATION – FED. R. Civ. P. 59(e)**

"Under Federal Rule of Civil Procedure 59(e), courts may reconsider prior rulings based upon '(a) an intervening change in controlling law; (2) ***the availability of new evidence not previously available***; or (3) the need to correct a clear error of law or prevent manifest injustice.'" *WSOU Investments LLC v. Microsoft Corp.*, No. 20-CV-00454-ADA, 2022 WL 2078216, at *1 (W.D. Tex. June 9, 2022) (quoting *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)) (emphasis added).

III. **RECONSIDERATION IS WARRANTED IN VIEW OF NEW EVIDENCE NOT PREVIOUSLY AVAILABLE**

As the Court recognized in the July 12 Order, "the most important factor bearing on whether to grant a stay in this case is the prospect that the [*ex parte* reexamination] proceeding will result in simplification of issues before the Court." Order, at 8 (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-01058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)).[2] The July 1, 2022 Office Action rejection and Meta's agreement "to not use any prior art raised in the re-exam as primary references at trial" should the case be stayed (Exhibit B at 19:20-23) causes this factor to strongly favor a stay.

---

[2] The Court recognized that the first two factors, "Undue Prejudice" and "Stage of the Proceedings" were generally neutral in this case. Dkt. 72 at 7-8.

3

In the Office Action rejection, the Examiner found that a substantial new question of patentability exists for every asserted claim of the '341 Patent on multiple grounds for each claim, as raised in the request for reexamination. That the Examiner has rejected each and every claim of the '341 Patent, shows that the PTAB is *more likely* to invalidate all asserted claims. The July 1, 2022 Office Action rejection thus is "*more than* a successful petition." Order, at 10 (quoting *Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00333-JRG-RSP, 2021 U.S. Dist. LEXIS 2434, at *7 (E.D. Tex. Jan. 7, 2021)) (emphasis added). The Office Action rejects each and every asserted claim on two bases. *See generally* Exhibit C. As previously explained, the '341 Patent is expired, and Plaintiff cannot amend its claims to avoid the prior art—making cancellation of the claims all the more likely.

Further, with the issuance of the July 1, 2022 Office Action rejection, the USPTO is projected to complete reexamination *prior to* December of 2023—especially given that Plaintiff cannot amend its claims to traverse the rejection—and in less time than the average 25.7 month pendency. *See* Order, at 8. The average pendency includes reexaminations in which claims can be amended, which accounts for exchanges between the examiner and the patentee regarding claim amendments, and therefore extends the timeline of the reexamination. Here, the '341 Patent has expired, and the claims cannot be amended. The timeline for this reexamination will not be extended by amendments and will be shorter than average. Thus, the reexamination will likely result in simplification of issues before the Court (*see NFC Tech.*, 2015 WL 1069111 at *4), and "the benefits of a stay outweigh the inherent costs…." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

Moreover, VideoShare argued that it would be "unduly prejudice[d]" by a stay "by delaying enforcement of its patent rights." Order, at 3. But VideoShare itself is the cause of this delay: first, VideoShare delayed filing suit until March 12, 2021—over a year after the '341 patent expired. And now VideoShare has requested a one-month extension to respond to the Office Action, delaying resolution by its own actions. *See* Exhibit D. VideoShare argued that "it is virtually certain that the reexamination will not be completed before trial" when citing this average pendency, but VideoShare is driving any delay by seeking an extension of its required filing.

Lastly, the Court held that "stay will not simplify the issues in this case" because "the outcome of the *ex parte* reexamination will not bind Meta" as "Meta has not filed a *Sotera*-type stipulation not to relitigate the same issues in this case if any claims survive *ex parte* reexamination." Order, at 10. But Meta stated at the hearing that, "as a condition of granting the [requested] stay," Meta is willing and would "agree to not use any prior art raised in the re-exam as primary references at trial." Exhibit B, at 19:17-20:2. Meta reiterates that stipulation here. Thus, the outcome of the *ex parte* reexamination *will* bind Meta if the Court grants its motion to stay, and a stay *will* simplify the issues in this case. *See* Order, at 10. The Court thus should reconsider its order because, given the new evidence, this factor now clearly weighs in favor of a stay.

## IV. CONCLUSION

The reexamination will likely result in simplification or wholesale resolution of issues, which strongly favors a stay. Accordingly, Meta hereby requests that the Court grant its motion to stay based on the newly issued Office Action rejection.

DATED: July 20, 2022          Respectfully submitted,

/s/ *Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
Email: pamstutz@scottdoug.com

KILPATRICK TOWNSEND & STOCKTON LLP
MANSI H. SHAH (*pro hac vice*)
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 326-2400
Facsimile: (650) 326-2422
Email: MHShah@kilpatricktownsend.com

VAIBHAV P. KADABA (*pro hac vice*)
RICHARD W. GOLDSTUCKER (*pro hac vice*)
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: wkadaba@kilpatricktownsend.com
Email: rgoldstucker@kilpatricktownsend.com

STEVEN D. MOORE (*admitted to practice*)
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: smoore@kilpatricktownsend.com

KASEY E. KOBALLA (*pro hac vice*)
4208 Six Forks Road
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 420-1800
Email: kkoballa@kilpatricktownsend.com

>EDWARD J. MAYLE (*pro hac vice*)
>1400 Wewatta Street, Ste. 600
>Denver, CO 80202
>Telephone: (303) 571-4000
>Facsimile: (303) 571-4321
>Email: tmayle@kilpatricktownsend.com
>
>*Attorneys for Defendant Meta Platforms, Inc.*

### CERTIFICATE OF CONFERENCE

The undersigned counsel for Defendant confirms that, on July 20, 2022, she conferred with counsel for Plaintiff regarding this Motion and the requested relief. Counsel for Plaintiff confirmed that Plaintiff is opposed.

>*/s/ Paige Arnette Amstutz*
>Paige Arnette Amstutz

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 20, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

>*/s/ Paige Arnette Amstutz*
>Paige Arnette Amstutz