IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VIDEOSHARE, LLC,<br>   *Plaintiff,* | § § § § | |
| v. | § § | Civil No. 6-21-CV-00254-ADA |
| META PLATFORMS INC.,<br>   *Defendant.* | § § § § | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO RECONSIDER A STAY**

Defendant Meta, Inc. ("Meta" or "Defendant") moved to stay this case. After careful consideration of the parties' arguments and the applicable law, the Court previously denied Meta's Motion to Stay. ECF No. 72. Meta now moves the Court to reconsider its decision. ECF No. 73. After considering the Motion for Reconsideration, the Court hereby **DENIES** Meta's Motion for Reconsideration. ECF No. 73.

**I. BACKGROUND**

Plaintiff Videoshare LLC ("Videoshare" or "Plaintiff") filed this action on March 12, 2021, against Meta alleging infringement of U.S. Patent No. 10,362,341 (the "341 patent"). On October 28, 2021, Meta petitioned the United States Patent Trials and Appeals Board ("PTAB") for *ex parte* reexamination of all asserted claims of the '341 patent. On January 20, 2022, the U.S. Patent Office instituted *ex parte* reexamination. Shortly afterwards, Meta filed this Motion to Stay on February 16, 2022. The Court denied it in part because a stay was unlikely to simplify the issues for trial. ECF No. 72.

Meta seeks reconsideration because the Examiner issued a first Office Action in the *ex parte* reexamination rejecting the claims on July 1, 2022. ECF No. 73. Meta asks the Court to

1

reconsider in view of this development.

## II. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The court has discretion in deciding whether to stay a case in PTO proceedings, including *ex parte* reexaminations. *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-CV-00899, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-01058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing, *inter alia, Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-04206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). However, "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

"In determining whether a stay pending a PTO proceeding is proper, a district court will consider three factors: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *TC Tech. LLC*, 2021 WL 8083373 at *2 (quoting *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317, 2021 WL 4555610, at *1 (W.D. Tex. Oct. 4, 2021)).

"Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

### III. ANALYSIS

Meta's Motion for Reconsideration focuses its argument on whether staying the case would simplify the issues in view of the Examiner's first office action. ECF No. 73 at 1. The Court does not change its analysis of undue prejudice or the stage of proceedings.

The trial date in this case has already slipped by more than four months. ECF No. 68 at 3. The current schedule places trial for this case on May 15, 2023. *Id.* When using the average *ex parte* reexamination duration of 25.7 months, the USPTO is not projected to complete reexamination until December of 2023. Joint Dispute Chart, *infra* Section I.A, at 4; Joint Dispute Chart Ex. 2, at 2. When using Meta's estimated June 2023 decision date for the *ex parte* reexamination, the USPTO will not issue its reexamination decision until about six months after trial. *See* Joint Dispute Chart Ex. 1 at 2; ECF No. 68 at 3. Either way, the USPTO will not complete the reexamination until after trial has occurred, so the reexamination decision will not arrive in time to simplify any issues for trial.

The new evidence supports the Court's conclusion. A first Office Action is a preliminary decision by the US Patent Office issued before the patent owner has had a chance to reply to the Office Action and distinguish the asserted prior art. The first Office Action issued on July 1, 2022. The Patent Owner has already requested an extension until October 3, 2022. ECF No. 73-5 at 4. Further extensions are available until the statutory six-month limit for cause. 37 C.F.R. § 1.550(c)(4).

A third-party petitioner filed for *ex parte* reexamination on October 28, 2021. The USPTO decided to institute reexamination on January 10, 2022, about two and a half months later. The USPTO then took about six and a half months to issue its first office action with special dispatch on July 1, 2022. If the patent owner responds on October 3, 2022, the USPTO is likely to take several more months before issuing a final office action, even with special dispatch. The patent owner will then have two months to respond to the final office action and the ability to obtain a two-month extension. M.P.E.P. § 2272(I). If the final office action cancels the claims, this does not end the Court's inquiry. The patent owner will not have the ability to engage in after-final practice that amends the claims in this case because the patent is expired, but the patent owner may instead file a notice of appeal. M.P.E.P. § 2273. After filing a notice of appeal, the patent owner then has two months to file an appeal brief and obtain a 1-month extension without cause in third party requested examinations. M.P.E.P. § 2274. Based on the appeal brief, the examiner may file an answer, file no answer, or reopen prosecution. MPEP § 2275; MPEP § 1213. If the examiner answers, the patent owner may file a reply, incurring additional months of delay. A decision on the appeal will take more months. The Court finds the notice of intent to issue a reexamination certificate (NIRC) and the subsequent reexamination certificate usually take additional weeks and are unlikely to issue before trial on May 15, 2023. Thus, not only is the certificate of reexamination unlikely to issue before trial and simplify the issues, but the patent owner has the ability to make this a practical certainty.

Meta urges reconsideration of its oral stipulation that it will not "use any prior art raised in the re-exam **as primary references at trial**." (emphasis added). The Court finds this stipulation ineffective at simplifying the issues because the qualifier allows Meta to merely flip its designation of primary and secondary references to use them at trial. In *Sotera*, the parties filed a much

stronger, written stipulation that they will not pursue the specific grounds raised **or any grounds that reasonably could have been raised** so that there will be **no overlap** of invalidity issues. *Sotera Wireless, Inc., v. Masimo Corp.*, No. IPR2020-01019, Paper 12 at 18 (P.T.A.B. Dec. 1, 2020) (precedential, designated Dec. 17, 2020).

Finally, Plaintiff urges the Court to consider Defendant's requests for extensions in the *ex parte* reexamination process. VideoShare's full defense of itself in an *ex parte* reexamination should not deprive it of a right to a timely jury trial.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that a stay is not appropriate in this case. Therefore, the Court **DENIES** Meta's Motion to Stay **WITH PREJUDICE**.

SIGNED this 5th day of August, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE